FILED
United States Court of Appeals
Tenth Circuit

March 12, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIMOTHY DOYLE YOUNG,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
U.S. DEPT. OF JUSTICE; FEDERAL
BUREAU OF PRISONS; ERIC H.
HOLDER, JR., Attorney General;
HARLEY LAPPIN, BOP Director;
HARRELL WATTS, Appeals
Administrator; MICHAEL NALLEY,
Regional Director, NCR; DARYL
KOSIAK, Regional Counsel, NCR;
MR. WERLICK, Previous Unit
Manager; R. WILEY, Warden, ADX;
CAPT. BAUER, Health Systems
Administrator; MS. BAILEY,
Psychologist; MR. COLLINS,
Unit Manager; MR. SUDLOW,
Case Manager; MR. HAYGOOD,
Counselor; MR. DEAKINS,
Recreation Supervisor;
MR. BELLANTONI, Education
Supervisor; MS. PARSONS,
Law Library Worker; MS. REAR,
Adm. Remedy Coordinator; MS.
HAYS, Adm. Remedy Clerk,

        Defendants-Appellees.

No. 07-1314
(D.C. No. 06-cv-1253-ZLW)
(D. Colo.)

---

TIMOTHY DOYLE YOUNG,

        Plaintiff-Appellant,

v.

U.S. DEPT. OF JUSTICE; ERIC H.
HOLDER, JR.; BUREAU OF
PRISONS; HARLEY LAPPIN;
HARRELL WATTS; MICHAEL
NALLEY; R. WILEY;
MR. COLLINS; MR. SUDLOW;
MR. MADISON; JUDGE
WEINSHIENK; MAGISTRATE
BOLAND,

   Defendants-Appellees.

No. 07-1333
(D.C. No. 07-cv-857-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

---

In these consolidated appeals,[1] plaintiff Timothy Doyle Young, a federal prisoner appearing pro se, appeals the district court's orders dismissing without prejudice two separate actions that he filed in the District of Colorado. Exercising

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]  Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for Alberto R. Gonzales as an appellee in these consolidated appeals.

jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal orders in both cases.

## I.  BACKGROUND

**A.  Appeal No. 07-1314 (Case No. 06-cv-1253).**

In Case No. 06-cv-1253 (the first action), Mr. Young filed a complaint against seventeen individual defendants, the United States, the Federal Bureau of Prisons, and the United States Department of Justice.  He asserted violations of his rights under the First, Fifth, and Eighth Amendments, the Freedom of Information Act, the Americans with Disabilities Act, and the Privacy Act.  One claim, spanning sixteen pages, set forth what amounted to a timeline detailing what he alleged was a wide-ranging conspiracy to deprive him of his right of access to the courts.  The Honorable Zita L. Weinshienk was assigned to preside over this first action.

After Mr. Young failed to comply with two orders directing him to file an amended complaint that both complied with Fed. R. Civ. P. 8 and demonstrated that he had exhausted his administrative remedies with respect to each of his claims, Judge Weinshienk entered an order dismissing the first action without prejudice for failure to file an amended complaint and for failure to prosecute. Mr. Young then appealed Judge Weinshienk's dismissal order to this court.

In Appeal No. 06-1494, another panel of this court reversed Judge

Weinshienk's dismissal order and remanded the case for further proceedings. The

panel's remand order provided as follows:

> The shortcomings of Mr. Young's complaint and his failure to comply with the district court's order to file an amended complaint would ordinarily be ample, even compelling, justification for the court's dismissal of his complaint without prejudice. But the legal landscape changed after that dismissal. No longer must a prisoner's complaint establish exhaustion of administrative remedies. *See Jones* [*v. Bock*, 127 S. Ct. 910, 921 (2007)]. This change affects the case before us in two respects. First, one ground for the order to amend the complaint was that Mr. Young had inadequately alleged exhaustion. Second, much of the confusing detail in the complaint apparently is an effort to explain his failure to exhaust. In this circumstance we believe that rather than affirming the judgment (which was proper when entered), the better course is to remand to permit Mr. Young another opportunity to state his claims in compliance with the Federal Rules of Civil Procedure. We caution Mr. Young, however, that continued obstructive conduct, such as filing repetitive and frivolous motions, will forfeit his opportunity to file an amended complaint. He would be wise to file no further pleading except a proper amended complaint.
>
>      . . . .
>
> We REVERSE and REMAND to the district court with instructions to give Mr. Young the opportunity to file one additional pleading–namely, an amended complaint complying with the Federal Rules of Civil Procedure. If the amended complaint so complies, the case should proceed in the normal fashion.

*Young v. United States*, No. 06-1494, 2007 WL 831588, *2-3 (10th Cir. Mar. 20,

2007).

On remand, Judge Weinshienk entered an "Order Reinstating Case" on

June 1, 2007. In her order, Judge Weinshienk stated that, in accordance with the

instructions of this court, "Plaintiff is given the opportunity to file one additional pleading, an Amended Complaint that complies with the Federal Rules of Civil Procedure." Case No. 06-cv-1253, Doc. 80 at 1-2. Judge Weinshienk further stated that "Mr. Young also is cautioned that if he files any repetitive or frivolous motions he will forfeit his opportunity to file an Amended Complaint." *Id.* at 2. Judge Weinshienk then ordered: (1) "that Plaintiff file an Amended Complaint in keeping with the Federal Rules of Civil Procedure"; (2) "that the Clerk of the Court mail to Mr. Young, together with a copy of this order, two copies of a Prisoner Complaint form"; and (3) "that if Mr. Young fails . . . to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice." *Id.* On the certificate of mailing attached to Judge Weinshienk's order, a Deputy Clerk of the district court certified that he/she (the name is illegible) "mailed a copy of the **Order and two copies of Prisoner Complaint** to [Mr. Young] on 6/1/07." *Id.* at 3.

Instead of filing an amended complaint on the Prisoner Complaint forms that had been furnished to him by the district court, on June 13, 2007, Mr. Young submitted a pleading to the district court entitled "Preliminary Injunction." *Id.*, Doc. 82. As relevant to this appeal, Mr. Young alleged in his Preliminary Injunction pleading that: (1) his prison "photocopying privileges" had been "cut off in retaliation" for his submitting a prison grievance regarding a search of his cell; (2) he could not "file an Amended complaint without reading the case law

-5-

[*i.e.*, *Jones v. Bock*] which is the basis of reversal"; and (3) the prison officials'

retaliatory actions left him with "an absolute inability to, both, submit a complete

and accurate complaint and to prosecute the case."[2]  *Id.* at 4, 8, 12.

On July 27, 2007, the district court entered an order dismissing the first

action without prejudice for failure to comply with the court's June 1, 2007, order

and for failure to prosecute.  The court based its dismissal on the following

reasoning:

> With respect to Plaintiff's assertion that he is not able to
> prepare an Amended Complaint without reading ***Jones***, the claim
> lacks merit.  The Tenth Circuit provided sufficient information in the
> March 20, 2007, order for Plaintiff to understand the implication of
> ***Jones***.  The Tenth Circuit stated that pursuant to ***Jones*** Plaintiff no
> longer must establish exhaustion of his administrative remedies.
> ***Young v. United States of America***, No. 06-1494 2007 WL 831588 *2
> (10th Cir. Mar. 20, 2007).  The Tenth Circuit also noted that much of
> the confusing detail in the Complaint was an effort by Plaintiff to
> explain his failure to exhaust and that the action should be remanded
> to this Court to allow Mr. Young another opportunity to comply with
> the Federal Rules of Civil Procedure.  ***Id.***
>
> Nothing Mr. Young asserts in the Preliminary Injunction
> indicates that he is unable to submit to this Court an Amended
> Complaint, on a Court-approved form, that sets forth all of his claims
> in a concise and simple manner in accordance with Rule 8 of the
> Federal Rules of Civil Procedure.  Even though Plaintiff complains

---

[2]    On July 12, 2007, the district court received a letter from Mr. Young
requesting that it send him: (1) "Twenty USM-285 forms"; and (2) "Twenty
waiver of service forms."  Case No. 06-cv-1253, Doc. 84.  It is not clear from the
record whether the district court ever responded to this request.  In any event, we
note that Mr. Young has not referred to this request to support any of his
appellate arguments challenging the propriety of Judge Weinshienk's dismissal
order in the first action.

that he does not have access to part of his legal materials including notes, grievances, response, dates, and case law, none of these items would prevent him from naming defendants who violated his constitutional rights and asserting his claims in a short and concise manner on a prisoner complaint form.

*Id.*, Doc. 85 at 2-3.[3]  Mr. Young subsequently appealed Judge Weinshienk's dismissal order to this court, which was docketed as Appeal No. 07-1314.

**B.  Appeal No. 07-1333 (Case No. 07-cv-857).**

Mr. Young originally filed Case No. 07-cv-857 (the second action) in the District of Columbia in February 2007.  Because venue was not proper in that district, the case was transferred to the District of Colorado in April 2007.  Following the transfer, Judge Weinshienk was assigned to preside over the second action.

In his complaint, Mr. Young asserted claims against eight individual defendants, the United States Department of Justice, and the Bureau of Prisons.  Mr. Young also named Judge Weinshienk and Magistrate Judge Boyd N. Boland as defendants.[4]  As in the first action, Mr. Young alleged that defendants were retaliating against him for exercising his constitutional rights and denying him

---

[3]      Judge Weinshienk also stated that Mr. Young filed his Preliminary Injunction pleading in order to circumvent orders that she had entered in Case No. 07-cv-857.  Case No. 06-cv-1253, Doc. 85 at 4.  While this may be an accurate observation, the other reasons put forth by Judge Weinshienk fully support her dismissal order.  We therefore do not need to rely on any purported motives behind Mr. Young's filings.

[4]      Magistrate Judge Boland subsequently recused himself from the case.

access to the courts, and he specifically alleged that "Judge Weinshienk and Magistrate Boland denied [him] access to the court in the furtherance of a conspiracy by submitting documents containing misrepresentations of material fact, failure to serve process, and failure to interpret the Preliminary Injunction motions liberally."[5] Case No. 07-cv-857, Doc. 1, Complaint at 9. He further alleged that "Judge Weinshienk and Magistrate Boland's practice of automatically demanding that a prisoner complaint be amended is unconstitutional because this custom is designed to disadvantage the prisoner plaintiff." *Id.* at 10.

The District of Colorado has a specific local rule that governs pleadings filed in civil actions by prisoners. The rule provides that: (1) "[a] pro se prisoner shall use the forms established by this court to file an action"; and (2) "[a] judicial officer designated by the Chief Judge shall review the pleadings of a prisoner (regardless of representation by counsel) to determine whether the pleadings should be dismissed summarily." D.C. Colo. L. Civ. R. 8.2(A) and (C). In accordance with this local rule, a magistrate judge reviewed the complaint in the second action, and, on May 7, 2007, he entered an "Order Directing Plaintiff to Cure Deficiencies" in which he determined that Mr. Young's complaint was

---

[5] As noted above, Mr. Young filed a pleading entitled "Preliminary Injunction" in the first action in June 2007 – over five months after he filed his complaint in the second action. As a result, Mr. Young's allegation in the second action regarding "Preliminary Injunction motions" is apparently directed at a motion for preliminary injunction, and supplements thereto, that he filed in the first action in August and September 2006.

-8-

deficient because it was "not on proper form (must use the Court's current form)." Case No. 07-cv-857, Doc. 5 at 2. The magistrate judge ordered: (1) "that Plaintiff cure the deficienc[y] . . . **within thirty days from the date of this Order**"; and (2) "that if the Plaintiff fails to cure the designated deficienc[y] **within thirty days from the date of this Order** the Complaint and the action will be dismissed without further notice." *Id.* at 3. The magistrate judge also ordered the Clerk of the Court to mail to Mr. Young two copies of the district court's "Prisoner Complaint" form. *Id.* On the certificate of mailing attached to the magistrate judge's order, a Deputy Clerk of the district court certified that he/she (the name is illegible) mailed two copies of the Prisoner Complaint form to Mr. Young on May 7, 2007. *Id.* at 4.

Instead of filing an amended complaint on the Prisoner Complaint forms that had been furnished to him by the district court, on May 31, 2007, Mr. Young submitted a pleading to the district court entitled "'Order to Cure' Objections." *Id.*, Doc. 6. In his objections to the magistrate judge's order, Mr. Young argued that the transfer of his case from the District of Columbia was improper. He also objected to having to file an amended complaint on the District of Colorado's Prisoner Complaint form, arguing that "[t]he local Rules of this district do not apply to the filing of a complaint that has already been filed [in another district court]." *Id.* at 1. Mr. Young further argued that "D.C. Colo. L. Civ. R. #8.2 and the requirement of multiple copies ('Prisoner Complaint Packet' instructions

at p. 2, pp. 2) is in violation of the F. R. Civ. P. #83 and 28 U.S.C. § 1915(d)[.]"[6]

*Id.* at 2.  In addition, Mr. Young stated that his prison "photocopying privileges

were taken away in retaliation for two [prison] grievances . . . that [he] filed and

the Order to Cure does not acknowledge that fact or give an alternative means with

which to comply [with the multiple-copies requirement]."  *Id.* at 3.

On June 21, 2007, Judge Weinshienk entered an order overruling

Mr. Young's objections to the transfer of his case and to the requirement in the

magistrate judge's May 7, 2007, order that he file an amended complaint on the

District of Colorado's Prisoner Complaint form.  *Id.*, Doc. 9 at 2-3.  Judge

Weinshienk also ordered Mr. Young to do the following:

> Plaintiff is instructed to comply with the May 7, 2007, Order or the
> Complaint and action will be dismissed for failure to cure the
> deficiencies.  The only filings Plaintiff is to submit to the Court at
> this time are the completed Court-approved forms sent to Plaintiff
> with the May 7, 2007, Order if he desires to proceed with the instant
> action in this Court.  Accordingly, it is
>
>     . . . .

---

[6]    The "Prisoner Complaint Packet" that Mr. Young refers to is not in the
record before this court.  We take judicial notice, however, that the District of
Colorado's general guidelines for filing a civil suit direct plaintiffs who are
proceeding in forma pauperis under 28 U.S.C. § 1915 and who want the court to
direct the United States Marshals Service to serve process to file one copy of the
complaint for each defendant named in the complaint.  We will therefore assume
that Mr. Young was in fact instructed by the Clerk or a Deputy Clerk of the
district court to file a copy of the Prisoner Complaint form for each defendant
named in the second action.

-10-

. . . ORDERED that Plaintiff has **ten days from the date of this Order** to comply with the May 7, 2007, Order.  It is

FURTHER ORDERED that if Plaintiff fails to comply with the May 7, 2007, Order as directed, within the time allowed, the Complaint and action will be dismissed without further notice.

*Id.*

Instead of complying with the May 7, 2007, order within ten days as specifically directed by Judge Weinshienk, on June 29, 2007, Mr. Young submitted a pleading to the district court entitled "Unconstitutionality of the 'Order Overruling Objections.'"  *Id.*, Doc. 11.  In this pleading, Mr. Young argued that "[t]he local rule, D.C. Colo. L. Civ. R. #8.2 requiring the proper form and the directions attached to the form requiring multiple copies of the complaint is in direct conflict with F. R. Civ. P. #83, 28 U.S.C. § 2071, § 2072, and § 1915(d), which makes it unconstitutional."  *Id.* at 2.  Once again, Mr. Young also alleged that "Defendants cut off [his] access to [prison] photocopying privileges." *Id.* at 2-3.  For the first time, Mr. Young also complained that, because Judge Weinshienk was a named defendant in the second action, 28 U.S.C. § 455 required her to recuse herself from the case.  *Id.* at 4-5.

On July 20, 2007, Judge Weinshienk entered an order striking Mr. Young's June 29, 2007, filing, stating as follows:

The Court instructed Plaintiff, in the June 21, 2007, Order that at this time the only proper filings for him to submit to the Court are the Court-approved forms, which were sent to him with the May 7, 2007, Order.  The forms were sent to Plaintiff so that he may

-11-

complete them and file them with the Court. Therefore, the Court will direct the Clerk of the Court to strike the June 29, 2007, filing. Mr. Young is warned that if he continues to inundate the Court with unnecessary filings the Complaint and action will be dismissed pursuant to 28 U.S. § 1915(e)(2)(B)(i).

*Id.*, Doc. 12 at 1-2.

Mr. Young subsequently failed to file an amended complaint on the court-approved form. As a result, after reciting the course of events in the case and taking notice of the findings that she had previously made in dismissing the first action, Judge Weinshienk dismissed the second action without prejudice on August 2, 2007. *Id.*, Doc. 13 at 2. In dismissing the case, Judge Weinshienk also found "no basis for recusal in the instant action." *Id.* Mr. Young subsequently appealed Judge Weinshienk's dismissal order to this court, which was docketed as Appeal No. 07-1333.

## II. ANALYSIS

### A. Rulings Applicable to Both Actions.

"Although we construe [Mr. Young's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same [local district court] rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also AdvantEdge Bus. Group, L.L.C. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtably has discretion to sanction a party for failing . . . to comply with local . . .

-12-

procedural rules.") (internal quotation marks omitted).  Thus, Judge Weinshienk

acted properly in requiring Mr. Young to file an amended complaint on the

court-approved Prisoner Complaint form required by D.C. Colo. L. Civ. R. 8.2(A).

Further, Fed. R. Civ. P. 83(a)(2) allows local district court rules imposing form

requirements to be enforced unless the failure to comply is "nonwillful."  As set

forth above, Mr. Young's repeated refusals to comply with Judge Weinshienk's

orders directing him to file amended complaints on the court-approved Prisoner

Complaint form and to file no other pleadings were blatantly willful, and we reject

his constitutional and other challenges to the District of Colorado's local rule

requiring use of the form by all prisoner litigants.

We also reject Mr. Young's weak excuse that he could not comply with

Judge Weinshienk's orders because his prison photocopying privileges had been

revoked.  Simply put, while the Clerk or a Deputy Clerk of the district court may

have forwarded instructions to Mr. Young directing him to file a copy of the

Prisoner Complaint form for each named defendant, Judge Weinshienk's orders

only directed him to file the forms that had been directly provided to him by the

court, and this was clearly and repeatedly specified in her orders.  Moreover, if

Mr. Young had submitted the form amended complaints that he was ordered to

file, it would have been a simple matter for him to include a brief explanation as to

why he was unable to submit multiple copies of the amended complaints.  Instead,

-13-

however, Mr. Young chose to ignore Judge Weinshienk's direct orders, and, as set forth below, we will not tolerate his obstructive behavior.

### B. Fed. R. Civ. P. 41(b).

Rule 41(b) authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or "a court order." Fed. R. Civ. P. 41(b). This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Although not expressly stated by Judge Weinshienk in her dismissal orders, we will presume that she dismissed Mr. Young's actions without prejudice pursuant to Rule 41(b). "We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous facts." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citation, brackets, and internal quotation marks omitted). In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when

-14-

dismissing an action *without prejudice* under Rule 41(b).[7] *AdvantEdge Bus. Group*, 552 F.3d at 1236; *Ecclesiastes*, 497 F.3d at 1143-44 n.10; *Nasious*, 492 F.3d at 1162.

### C. First Action (Case No. 06-cv-1253).

We see no abuse of discretion by Judge Weinshienk in dismissing the first action without prejudice. As set forth above, in Mr. Young's prior appeal in that action, we specifically cautioned him that "continued obstructive conduct, such as filing repetitive and frivolous motions, will forfeit his opportunity to file an amended complaint," and that "[h]e would be wise to file no further pleading except a proper amended complaint." *Young*, 2007 WL 831588, at *2. On remand, Judge Weinshienk then reiterated this admonishment in her "Order

---

[7] This is significant because it means that a district court does not need to consider the non-exhaustive list of factors that it ordinarily must consider in determining whether to dismiss an action *with prejudice* under Rule 41(b). *See Ecclesiastes*, 497 F.3d at 1143-44 (setting forth five factors to consider when dismissing action with prejudice) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). "Only a dismissal with prejudice triggers the *Ehrenhaus* criteria because it is a significantly harsher remedy-the death penalty of pleading punishments." *Id.* at 1143-44 n.10 (internal quotation marks omitted). Of course, a dismissal without prejudice may, in effect, constitute a dismissal with prejudice if the applicable statute of limitations would bar relief if the plaintiff refiled his or her claims. We have therefore indicated that the *Ehrenhaus* criteria may need to be considered in that circumstance. *See AdvantEdge Bus. Group*, 552 F.3d at 1236. We do not need to consider the possible running of any of the applicable statute of limitations in either of Mr. Young's actions, however, because he has failed to raise the issue in either of these consolidated appeals. *Id.* (holding that plaintiff waived argument that a dismissal without prejudice had practical effect of a dismissal with prejudice where plaintiff "failed to sufficiently address on appeal the possible running of a statute of limitations").

-15-

Reinstating Case." *See* Case No. 06-cv-1253, Doc. 80 at 2 ("Mr. Young also is cautioned that if he files any repetitive or frivolous motions he will forfeit his opportunity to file an Amended Complaint.").

Despite these clear and unequivocal warnings, instead of filing an amended complaint on the Prisoner Complaint forms that had been furnished to him by a Deputy Clerk of the district court, Mr. Young submitted a pleading to the district court entitled "Preliminary Injunction." *Id.*, Doc. 82. We agree with Judge Weinshienk that Mr. Young forfeited his right to proceed any further in the first action when he filed the Preliminary Injunction pleading. As succinctly explained by Judge Weinshienk in her dismissal order, "[n]othing Mr. Young asserts in the Preliminary Injunction indicates that he is unable to submit to this Court an Amended Complaint, on a Court-approved form, that sets forth all of his claims in a concise and simple manner in accordance with Rule 8 of the Federal Rules of Civil Procedure." *Id.*, Doc. 85 at 3. Accordingly, we have no difficulty affirming the without-prejudice dismissal of the first action.

**D. Second Action (Case No. 07-cv-857).**

The second action presents the threshold question of whether Judge Weinshienk should have recused herself from the case because she was a named defendant. Under 28 U.S.C. § 455(b)(5)(i), a judge must recuse herself when she is a party to the proceeding, and this mandatory provision required Judge Weinshienk to recuse herself from the second action.

-16-

This does not end our inquiry, however, because, in accordance with our decision in *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994), we are permitted to apply a harmless error analysis to Judge Weinshienk's violation of § 455(b)(5)(i). In deciding whether a violation of § 455 is harmless error, we must consider "'the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process.'" *Id.* at 1571-72 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). Applying these factors, we conclude that Judge Weinshienk's failure to recuse herself from the second action was harmless error.

First, given Mr. Young's blatant disregard of two separate orders from Judge Weinshienk directing him to file an amended complaint on the court-approved Prisoner Complaint form, he is hardly in a position to complain about any injustice to himself, as the adverse consequences that he suffered were entirely self-inflicted and could easily have been avoided. Second, there is no risk of injustice to any of the named defendants in the second action or to parties in any other cases. Third, while we urge Judge Weinshienk to follow the plain command in § 455(b)(5)(i) and recuse herself from any future cases in which she is named as a party, in light of the lack of regard shown by Mr. Young for the integrity of the district court, Judge Weinshienk's failure to recuse herself from the second action raises only a very minimal risk of undermining the public's

-17-

confidence in the judiciary. Moreover, we do not believe this slight risk necessitates the time and expense of a remand for yet another round of district court proceedings in this already-protracted litigation. We are also confident that a remand would simply result in another judge reaching the same result as Judge Weinshienk. Accordingly, we conclude that a remand is not necessary to remedy Judge Weinshienk's violation of § 455(b)(5)(i).

With the recusal question answered, we easily determine that Judge Weinshienk did not abuse her discretion in dismissing the second action without prejudice. As set forth above, Judge Weinshienk entered two separate orders directing Mr. Young to file an amended complaint on the court-approved Prisoner Complaint forms that a Deputy Clerk of the district court had sent to him, and Mr. Young failed to comply with either order even though he was specifically warned by Judge Weinshienk that his case would be dismissed if he failed to comply. Moreover, Mr. Young has utterly failed to assert any valid reason to excuse his failures to comply with Judge Weinshienk's unequivocal orders.

## CONCLUSION

In Appeal No. 07-1314, we **AFFIRM** the dismissal without prejudice of Mr. Young's complaint in Case No. 06-cv-1253. In Appeal No. 07-1333, we **AFFIRM** the dismissal without prejudice of Mr. Young's complaint in Case No. 07-cv-857. We **DENY** the motions for emergency relief that Mr. Young filed

in this court on January 27, 2009, and February 24, 2009, respectively.[8]  The

motions either raise new matters that are not properly part of these appeals or

matters that are part and parcel of the cases that Judge Weinshienk dismissed

without prejudice.  We have also determined that Mr. Young's allegations to the

effect that he is in imminent danger of physical harm are wholly conclusory and

are insufficient to support any claim for relief, either emergency or otherwise.

We also **DENY** all other pending motions and requests for relief in both of these

appeals.  We **GRANT** Mr. Young's motions to proceed in Appeal No. 07-1314 and

Appeal No. 07-1333 without prepayment of the appellate filing fees.  We remind

Mr. Young, however, of his continuing obligation to make partial payments until

he has paid the entire appellate filing fee for each appeal.

Entered for the Court

David M. Ebel
Circuit Judge

---

[8]     On March 5, 2009, Mr. Young filed an affidavit in support of his second
motion for emergency relief, and we have reviewed the affidavit in connection
with our denial of that motion.