**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MONTGOMERY CARL AKERS,

     Plaintiff-Appellant,

v.

ZITA L. WEINSHIENK; RON
WILEY; ROBERT BAUER; JERRY
JONES; MR. LORINCZ; MARK
COLLINS; GEORGE KNOX,

     Defendants-Appellees.

No. 09-1115
(D.C. No. 1:09-CV-00480-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Montgomery Carl Akers, a federal prisoner proceeding pro se, challenges

the district court's sua sponte dismissal of his *Bivens*[1] action on the grounds that

the presiding judge, Zita L. Weinshienk, was required to recuse from the case

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

under 28 U.S.C. § 455(b)(5)(i) because she is a party defendant. Exercising our jurisdiction under 28 U.S.C. § 1291, we vacate the district court's dismissal order and remand this case for reassignment to another judge.

## I. Background

In 1995, after finding Mr. Akers to be an abusive litigant, the United States District Court for the District of Colorado entered an order enjoining him from initiating any lawsuit in that court without representation by counsel unless he first obtains leave from the court to proceed pro se. We upheld the filing-restrictions order in *Akers v. Sandoval*, No. 95-1306, 1996 WL 635309, at *1 (10th Cir. Nov. 4, 1996) (unpublished). Complying with that order, in February 2009, Mr. Akers requested permission to file the instant pro se action, which alleges a conditions-of-confinement claim arising out of his incarceration at the United States Penitentiary in Florence, Colorado. For reasons unclear from the face of his complaint, in addition to naming various employees of USP Florence, Mr. Akers also named as a defendant U.S. District Judge Weinshienk, to whom this case was ultimately assigned.

Judge Weinshienk, acting sua sponte, denied Mr. Akers's request to proceed pro se and dismissed the action. Her reasoning was twofold. First, she found that Mr. Akers had failed to comply with the *in forma pauperis* statute because he had not provided a copy of his prisoner trust fund account statement. *See* 28 U.S.C. § 1915(a)(2). Second, she found Mr. Akers had violated the

court's local rules by failing to include a complete list of his prior lawsuits in the court-promulgated "prisoner complaint form." Mr. Akers then filed a motion to recuse Judge Weinshienk based on her status as a party defendant. Judge Weinshienk denied that motion, however, concluding that under *United States v. Grismore*, 564 F.2d 929 (10th Cir. 1977), she was not required to recuse despite the seemingly mandatory language of § 455(b)(5)(i). Mr. Akers's appeal focuses exclusively on Judge Weinshienk's refusal to recuse.

## II. Discussion

We review the denial of a motion to recuse for abuse of discretion. *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). "[U]nder that standard we will uphold a district court's decision unless it is an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Higganbotham v. Oklahoma ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003) (internal quotation marks omitted).

The statutory provision at issue provides that a judge "shall" disqualify herself in circumstances where she is a party to the proceeding. 28 U.S.C. § 455(b)(5)(i). In two recent unpublished orders, we explicitly informed Judge Weinshienk that this provision requires her recusal when she is a named defendant in the action before her. *See Young v. United States*, Nos. 07-1314 & 07-1333, 2009 WL 624076, at *7 (10th Cir. Mar. 12, 2009) (applying harmless error analysis to "Judge Weinshienk's violation of § 455(b)(5)(i)"); *Akers v.*

*Weinshienk*, No. 08-1471, 2009 WL 1789074, at *1 (10th Cir. June 24, 2009) (reversing and remanding for reassignment).  We recognize that the second order was issued after Judge Weinshienk issued her decision in this case, but nevertheless, the statute plainly provides for mandatory recusal in the circumstances presented here.

*Grismore* did not announce a contrary holding.  In that case, a criminal defendant sought to disqualify his presiding judge on the grounds that he was considering suing the judge in an unrelated civil matter.  We concluded there were no grounds for disqualification under § 455, stating that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." *Grismore*, 564 F.2d at 933.  Judge Weinshienk contends this language insulates her decision to preside over this case notwithstanding her status as a defendant and our express urging in *Young* that she "follow the plain command in § 455(b)(5)(i) and recuse herself from any future cases in which is she is named as a party," 2009 WL 624076 at *7.  The obvious difference between this case and *Grismore*, however, is that the judge in that case was not a defendant, or even at risk of becoming a defendant, in the case in which the recusal was sought.  By contrast, in this case, as in *Young* and *Akers v. Weinshienk*, Judge Weinshienk issued a ruling dismissing an action in which she was a current defendant.  Absent being required to sit by the rule of necessity, *see United States v. Will*, 449 U.S. 200, 213-14 (1980), we are aware of no exception that would have justified her refusal to

recuse under these circumstances.[2] Judge Weinshienk's decision violated the clear mandate of § 455(b)(5)(i) and was an abuse of discretion.

In certain limited circumstances we have found it appropriate to review an improper refusal to recuse for harmless error. *See Young*, 2009 WL 624076 at *7; *Higganbotham*, 328 F.3d at 645. But we conclude such review is not appropriate in this case. The dismissal of this action was not mandated by a straightforward application of the law to the merits of Mr. Akers's claims. *Cf. Higganbotham*, 328 F.3d at 646 (reviewing for harmless error where case presented "straightforward questions of law"). Rather, in a discretionary ruling, Judge Weinshienk dismissed Mr. Akers's claims because she found his compliance with the local civil rules to be less than perfect. Under these circumstances, we cannot say with confidence that the outcome was a foregone conclusion because another judge may have ruled differently. *Cf. Young*, 2009 WL 624076 at *7 (noting with confidence "that a remand would simply result in another judge reaching the same result as Judge Weinsheink"). We recognize that on remand another judge may very well reach the same conclusion as Judge Weinshienk, but given the

---

[2]     In the order denying Mr. Akers's recusal motion, Judge Weinshienk cites a number of decisions from other federal district courts and one unpublished First Circuit opinion, in which those courts questioned the compulsory aspect of § 455(b)(5)(i). We are not bound by those decisions or persuaded by their reasoning. We agree with the panel's approach in Mr. Akers's earlier case (No. 08-1471) and hold that § 455(b)(5)(i) imposes an absolute rule requiring recusal unless "the case cannot be heard otherwise." *Will*, 449 U.S. at 213 (internal quotation marks omitted).

inherently discretionary nature of the decision under review, that possibility is not dispositive.

## III. Conclusion

Because Judge Weinshienk failed to recuse in this case as required under 28 U.S.C. § 455(b)(5)(i), the judgment of the district court is VACATED and this action is REMANDED for reassignment to another judge.

Mr. Akers's motion to proceed *in forma pauperis* is GRANTED and he is reminded of his continuing obligation to make partial payments until the entire filing fee has been paid.

Entered for the Court

Stephen H. Anderson
Circuit Judge