**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**February 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JEREMIAH CASPER,

    Plaintiff - Appellant,

v.

JOE DISALVO; KIM VALLARIO; BRAD
GIBSON; LEVI BORST; SARA ROUSH;
JAIRO GARCIA; ZANE CISNEROS;
MARTIN GONZALEZ,

    Defendants - Appellees.

No. 23-1229
(D.C. No. 1:23-CV-00508-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Jeremiah Casper, a Colorado state prisoner appearing pro se, filed a lengthy,

handwritten civil rights complaint asserting approximately twenty-four claims against

various individuals employed by the Pitkin County (Colorado) Sheriff's Office.  The

magistrate judge ordered Casper to refile his complaint using a court-approved

prisoner complaint form.  Casper responded by filing an amended complaint on a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court-approved prisoner complaint form. Notably, however, Casper failed to substantially complete the form. Both the magistrate judge and the district court directed Casper to utilize and complete a court-approved prisoner complaint form and to attach additional pages as needed to complete the sections of the approved form. Casper filed a second amended complaint. Although the first portion of the second amended complaint included a court-approved prisoner complaint form, Casper again failed to substantially complete the form and instead attached to the form a handwritten complaint that was similar to his original complaint. The district court responded by dismissing the case without prejudice due to Casper's failure to comply with the court's orders.

Casper now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court and deny Casper's motion for leave to proceed in forma pauperis on appeal.

I

On February 24, 2023, Casper initiated these federal proceedings by filing three pro se pleadings: a seventy-page civil rights complaint, a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a motion for appointment of counsel. All three pleadings were handwritten by Casper on blank sheets of paper.

The cover sheet of the complaint stated: "Civil Rights Complaint Filed under 42 U.S.C. § 1983" and "Pattern of Constitutional Deprivation(s) Suffered from Pitkin, Colorado Sheriff's Department." ROA at 5. The complaint alleged, in relevant part, that Casper was incarcerated at a Colorado state correctional facility in

2

Sterling, Colorado, but had previously been confined at the Pitkin County (Colorado) Jail. The complaint named as defendants "Sheriff Joe DiSalvo," "Commander Kim Vallario," two "[a]rresting sheriff deputies: Brad Gibson" and "Levi Borst," and four "[j]ail based deputies: Sara Roush, Jairo Garcia, Zane Cisneros, [and] Martin Gonzalez." *Id*. at 7. The body of the complaint alleged twenty-four separate civil rights claims against the named defendants and purported to outline "supporting case law" for each of the claims. *Id*. at 31.

On February 28, 2023, the magistrate judge assigned to the case issued an order directing Casper to cure certain deficiencies in his § 1915 motion and in his complaint. The order noted that Casper's § 1915 motion was not on a court-approved form and was missing a "certified copy of [Casper's] trust fund statement for the 6-month period immediately preceding th[e] filing" and "authorization to calculation and disburse filing fee payments." ECF No. 5 at 2. The order in turn noted that Casper's complaint was "not on [a] proper form" and that Casper was required to "use [the] current court-approved Prisoner Complaint form." *Id*. The order directed Casper to "cure" the identified deficiencies "within 30 days." *Id*. at 3.

On March 9, 2023, Casper filed an amended complaint on a six-page, court-approved prisoner complaint form. On the first page of the form, which included spaces for identifying the "Plaintiff" and the "Defendant(s)," Casper handwrote his name and the names of the defendants. ROA at 81. On the second and third pages of the form, which asked him to provide detailed information about each defendant, Casper handwrote a single sentence: "See attached complaint for all (8)

3

defendants." *Id*. at 82.  Similarly, on the fourth page of the form, which asked him to "[s]tate clearly and concisely every claim that you are asserting in this action," Casper handwrote the following: "See attached complaint for numerous claim(s), defendant participation, damages, & supporting case law." *Id*. at 84.  And on the sixth page of the form, which asked him to "[s]tate the relief you are requesting or what you want the court to do," Casper handwrote the following: "See complaint damages & participation for all claim(s) suffered." *Id*. at 86.  Notwithstanding Casper's repeated references to an "attached complaint," however, there were no documents attached to or otherwise submitted with the prisoner complaint form.

Along with the amended complaint, Casper also filed on March 9, 2023, a new motion to proceed in forma pauperis pursuant to § 1915 and statements in support of that motion.

On April 7, 2023, the magistrate judge issued a second order directing Casper to cure deficiencies in his new § 1915 motion and his amended complaint.  The order noted that Casper's new § 1915 motion was "missing [a] certified copy of [Casper's] trust fund statement for the 6-month period immediately preceding th[e] filing." *Id*. at 98.  As for Casper's amended complaint, the order noted:

> Plaintiff must submit a complete prisoner complaint on the court-approved form.  The Court will not piece together separate filings and/or supplements.  Instead, a complete prisoner complaint, along with all of the pages, claims, factual allegations, request for relief, and information must be submitted in one complete document on the court-approved form.

4

*Id*. at 99.  The order directed Casper to cure these deficiencies within thirty days of the date of the order.  The order also advised Casper that if he failed to cure the deficiencies within thirty days of the date of the order, "the action w[ould] be dismissed without further notice."  *Id*. at 100.

On April 24, 2023, Casper filed a handwritten motion titled "Combined motion to set aside/modify magistrate 4/7/23 'Second order directing plaintiff to cure deficiencies,' per CRCP 60(b)(5) due to unconstitutional directives; and petition to exceed page limitations for complaint introduction."  *Id*. at 101.  The motion asked "the court to modify its most current order with respect to the overly restrictive space limitations of the 'court approved complaint form.'"  *Id*.  Casper asserted in support that "the 'court approved' form d[id] not have adequate space to introduce [his] singular complaint composed of 26 seperate [sic] claim(s)" and that "[a]dditional space . . . [wa]s needed."  *Id*. at 102.  Casper also argued that "the legal strategy of the extensive initial filing of the case [wa]s deliberate to the extent the effort 'm[ight] serve' to support 'potential' settlement avenues."  *Id*. at 103.  Ultimately, Casper argued that requiring him to use a court-approved complaint form was "both unreasonable and unconstitutional."  *Id*. at 107.  Casper therefore asked the district court to "accept [his] complaint and all supporting documents" that had previously been filed.  *Id*. at 110.

On May 17, 2023, the district court issued an order denying Casper's combined motion "as to the request that he not be required to use the court-approved Prisoner complaint form," but "grant[ing] in part as to his request to exceed page

5

limitations." *Id*. at 116.  The district court explained that "[a]s to the requirement that [Casper] submit his Prisoner Complaint on the court-approved form, a *pro se* party must follow the same procedural rules that govern other litigants." *Id*.  The district court in turn noted that its local rules "require[d] *pro se* litigants, both prisoners and nonprisoners, to use the Court-approved forms found on the Court's website." *Id*.  The district court also noted that the "Tenth Circuit ha[d] repeatedly upheld the requirement that *pro se* litigants comply with local rules requiring use of proper court-approved forms, and ha[d] rejected constitutional challenges to such rules." *Id*. at 116–17 (citing several unpublished Tenth Circuit cases).  As for Casper's "request to exceed page limitations," the district court granted that request "in part" and ordered that Casper's "Amended Prisoner Complaint may be up to 45 (forty-five) pages." *Id*. at 117.  The district court advised Casper, however, "that he must use the court-approved prisoner complaint form and not include additional sections that [we]re not part of the court-approved form." *Id*. at 117–18.  The district court noted, for example, that "[h]is pleading d[id] not need to have an 'introduction' section or a 'caselaw' section." *Id*. at 118.  The district court afforded Casper thirty days to file an amended complaint that complied with the court's directives and noted that if he "fail[ed] to cure the deficiencies as directed within the time allowed, the action w[ould] be dismissed without further notice." *Id*. at 119.

On May 24, 2023, Casper filed a second amended complaint.  The first six pages of the second amended complaint included a court-approved prisoner complaint form.  But the form was, for the most part, incomplete.  Casper listed

6

himself as the plaintiff and provided his address.  But he did not list any of the defendants and instead referred to attachments that he submitted with the form.  Similarly, in the "STATEMENT OF CLAIM(S)" and "REQUEST FOR RELIEF" sections of the form, Casper referred to an attachment he submitted with the form.  *Id*. at 129, 131.  Notably, that attachment was a handwritten complaint detailing his claims against the named defendants.

On June 28, 2023, the district court issued an order of dismissal.  The district court concluded in the order that Casper "ha[d] failed to follow Court Orders and failed to cure the deficiencies as directed by the Court."  *Id*. at 153.  In particular, the district court concluded that Casper "attempted to circumvent the requirement of using the court-approved form by simply saying 'see attached' and then attaching his own documents, which [we]re a separate format from the court-approved form and include[d] 'indexes' of claims."  *Id*.  The district court noted that it had "specifically informed [Casper] that it would not piece together separate filings and/or supplements," and had "also previously warned [him] that 'dismissal [wa]s an appropriate disposition against a party who disregard[ed] court orders and fail[ed] to proceed as required by court rules.'"  *Id*. (quoting ECF No. 13 at 6).  The district court therefore ordered the action "dismissed without prejudice for failure to cure the deficiencies and failure to follow court orders."  *Id*. at 154.  The district court also "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from [its] order would not be taken in good faith and therefore *in forma pauperis* status w[ould] be denied for the purpose of appeal."  *Id*.

7

Final judgment was entered on June 28, 2023. Casper thereafter filed a timely notice of appeal. Casper has since filed with this court a motion for leave to proceed in forma pauperis on appeal.

II

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order." Fed. R. Civ. P. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 630–32 (1962) (holding that a district court has inherent power to sua sponte dismiss a case pursuant to Rule 41(b)). We review such a dismissal for an abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). If the dismissal is with prejudice, a district court "must first consider certain criteria." *Id*. at 1162. But where, as here, the dismissal was without prejudice, the "district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id*.

After reviewing the record on appeal in this case, we conclude that the district court did not abuse its discretion in dismissing Casper's second amended complaint without prejudice pursuant to Rule 41(b). When the district court denied Casper's combined motion to set aside/modify the magistrate judge's April 27, 2023 order directing him to cure deficiencies in his first amended complaint, the district court specifically advised Casper that the district court's local rules "require[d] pro se litigants . . . to use the Court-approved forms found on the [district] [c]ourt's website." ROA at 116 (citing D.C. Colo. L. Civ. R. 5.1(c)). The local rule cited by

8

the district court, titled "Formatting and Filing of Pleadings and Documents and Maintenance of Contact Information by an Unrepresented Prisoner or Party," states, in relevant part, that "an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website" and that "[i]f the unrepresented party is a prisoner and is unable to access the website, on request the clerk shall provide copies of necessary procedures, forms, and instructions." D.C. Colo. L. Civ. R. 5.1(c). Casper does not dispute the existence of this rule or its applicability to his situation. Nor does he offer any reasoned argument that would persuade us that the rule should not be applied in his case. Although Casper argues in favor of the format he selected for his original and two amended complaints, our review of those pleadings persuades us that the presumed underlying purpose of the local rule, to require the use of court-approved forms in order to help organize and streamline pro se pleadings and, in turn, to facilitate the district court's efficient review of those pleadings, is certainly applicable here. Because Casper refused to comply with the local rule and file an amended complaint that properly utilized the court-approved form, the district court acted well within its discretion in dismissing the action without prejudice.

Lastly, we reject Casper's argument that requiring him to use the court-approved prisoner complaint form violates his constitutional rights by limiting the amount of space he has to detail his allegations against the named defendants. As the district court effectively noted in its orders, and as the court-approved prisoner complaint form itself notes, a prisoner such as Casper may, after completing each

9

section of the court-approved prisoner complaint form, attach additional pages if they believe those pages are necessary to provide more detailed responses to any of the questions posed in the form.  Thus, requiring Casper to use the court-approved prisoner complaint form does not in any way hamper his ability to pursue his claims against the named defendants.  *See Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (rejecting pro se litigant's "constitutional and other challenges to the District of Colorado's local rule requiring use of the form by all prisoner litigants").

III

The judgment of the district court is AFFIRMED.  Casper's motion to proceed in forma pauperis on appeal and his request for record on appeal are DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge