**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESSICA N. JONES,

    Plaintiff - Appellant,

v.

WAL-MART CORPORATION,

    Defendant - Appellee.

No. 08-7120
(E.D. Okla. )
(D.Ct. No. 6:08-CV-00411-RAW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

Jessica Jones, appearing pro se,[1] appeals from the district court's dismissal

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). 10th Cir. R. 32.1(A).

[1] We liberally construe pro se pleadings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

of her wrongful termination claims brought under 42 U.S.C. § 2000e *et seq.* (Title VII), 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  We affirm.

## I.  BACKGROUND

Jones, an African-American, filed a pro se complaint claiming she was harassed by a Caucasian employee, Mrs. Teague, while she was employed at Wal-Mart Stores East, L.P. (Wal-Mart).  Teague allegedly called Jones names and criticized her about her weight.  Although she reported the harassment to management, the situation did not change.  Eventually, Jones and Teague got into a fight which Jones claims Teague provoked.  Wal-Mart terminated Jones' employment on August 6, 2008, but did not terminate Teague.  Jones' complaint alleges her termination violated Title VII, 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

Wal-Mart filed a motion to dismiss all of Jones' claims.  It argued Jones' Title VII claims should be dismissed without prejudice because she failed to establish the court's jurisdiction by first filing her claims with the Equal Employment Opportunity Commission (EEOC) or the Oklahoma Human Rights Commission (OHRC) as required under 42 U.S.C. § 2000e-5(e)(1).  Wal-Mart also requested her § 1981 claims be dismissed without prejudice for purposes of judicial economy so that Jones could bring both her Title VII and § 1981 claims after she exhausts her Title VII administrative remedies.  Wal-Mart asked that Jones' § 1983 claims be dismissed with prejudice because she failed to allege

Wal-Mart was a state actor or was acting "in concert with the state."  (R. Vol. 1 at 14.)

The district court ordered the parties to exchange and file initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure and to file a Joint Status Report with the court no later than December 17, 2008.  It also set a status and scheduling conference for December 22, 2008.  Jones failed to adequately participate in the preparation of the Joint Status Report and failed to file or exchange initial disclosures.  She did not appear at the scheduling conference.

The district court granted Wal-Mart's motion.  It dismissed without prejudice Jones' Title VII claims for her failure to file an administrative charge with the EEOC or the OHRC.  It dismissed Jones' § 1983 claims with prejudice because her complaint did not allege Wal-Mart was a state actor or that its alleged wrongdoing had sufficient nexus to state action to state a § 1983 claim.  Finally, the district court dismissed without prejudice Jones' § 1981 claims due to her failure to comply with the court's orders.[2]  Jones filed this pro se appeal.

---

[2] "[T]hat a dismissal was without prejudice does not necessarily make it non-final under section 1291." *Moya v. Schollenbarger*, 465 F.3d 444, 448 (10th Cir. 2006).  "If it is clear that the plaintiff may not start over again with a properly drawn complaint, because of limitations problems or otherwise, the action is treated as final and the order is appealable." *Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979).  Here, it is clear Jones' may not start over again with a properly drawn complaint.  "[A] district court order dismissing a complaint for lack of prosecution, [is] a matter going to the merits of appellant's complaint itself rather than a procedural problem which amendment of a complaint might rectify." *Moya*, 465 F.3d at 449 (quotations omitted).  In addition, it has been more than 300 days since Jones was fired, the time limit for filing a charge with the EEOC. *See Croy v. Cobe Lab., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003).

## II. DISCUSSION

"We review a dismissal for lack of subject-matter jurisdiction de novo, accepting the district court's findings of jurisdictional facts unless they are clearly erroneous." *June v. Union Carbide Corp.*, 577 F.3d 1234, 1238 (10th Cir. 2009). The court's decision is well–supported in case law. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII).

Similarly, "[w]e review de novo the district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) (quotations and citations omitted). "Dismissal is only appropriate when the plaintiff can prove no set of facts to support a claim for relief." *Id.* Again, the district court's dismissal of her § 1983 claims was based on well-established Tenth Circuit precedent. *See id.* at 492 ("[P]rivate conduct that is not fairly attributable to the state is simply not actionable under § 1983." (quotations omitted)).

Finally, "[t]he Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, *see* Fed. R. Civ. P. 16(f) and 37(b)(2)(C), and for failing to comply with court rules or any order of the court, *see* Fed. R. Civ. P. 41(b)." *Gripe v. City of Enid,*

*Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002). The courts entertain "very broad discretion to use sanctions where necessary to insure . . . that [parties and their lawyers] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir.1984) (en banc). "We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules" *Gripe*, 312 F.3d 1188; *see also AdvantEdge Bus. Group L.L.C. v. Thomas E. Mestmaker & Assoc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge,* 552 F.3d at 1236.

Jones' appellate brief contains no argument, no citations to the record and no citation to authority relevant to the court's ruling as required by Rule 28(a)(9) of the Federal Rules of Appellate Procedure. Instead, her appellate brief merely alleges the district court "didn't hear the case because their [sic] racist, and favor big company"s [sic][.]" (Appellant's Br. at 4.) This scurrilous allegation has no basis. She also claims the judge wrongly dismissed her § 1981 claim without prejudice because "the judge could have had a scheduling conferen[c]e with us not meeting in chambers." *Id.*

"While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse [her of] the obligation . . . to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). "[A]lthough we make some allowances for the pro se plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations and citations omitted). "[E]ven issues designated for review are lost if they are not actually argued in the party's brief." *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir.1992). Jones offers no explanation why she did not appear pursuant to the court's scheduling order. Consequently, she has waived her argument and the district court did not abuse its discretion in dismissing her claims without prejudice. *See AdvantEdge*, 552 F.3d at 1236.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
