**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL V. LUJAN,

        Plaintiff-Appellant,

v.

FRED RICHARD DREIS; DAVIS
COUNTY JAIL; VALLEY MENTAL
HEALTH; DAVIS BEHAVIORAL
HEALTH INSTITUTE; UTAH STATE
PRISON,

        Defendants-Appellees.

No. 10-4093
(D.C. No. 2:09-CV-00198-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**McKAY**, Circuit Judge.

Michael V. Lujan, a state prisoner proceeding pro se, appeals the district

court's sua sponte dismissal of his civil rights complaint for failure to state a

claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to prosecute under

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Federal Rule of Civil Procedure 41(b). Our jurisdiction arises under 28 U.S.C. § 1291. For the reasons set forth below, we affirm the district court's dismissal under § 1915(e)(2)(B)(ii).

**I.**

Mr. Lujan filed this action on March 4, 2009, citing 42 U.S.C. § 1983, § 1985, and the First and Eighth Amendments. He named five defendants and alleged (with very little elaboration) that he was subjected to excessive force, police brutality, sexual assault, forgery, "threats of signing a check without proper procedures," fraud, breach of contract, malpractice, cruel and unusual punishment, discrimination, mental hardship, and stress. R. at 10-15. He sought an immediate release from prison, a permanent injunction, a declaratory judgment, compensatory damages, and a jury trial.

The district court found Mr. Lujan's complaint deficient and issued an Order to Amend Deficient Complaint on April 28, 2009. The court began by noting that the complaint's caption contained names that did not match the names in the complaint's text. It explained the pleading requirements of Federal Rule of Civil Procedure 8(a) and the obligations of pro se litigants. It instructed Mr. Lujan that his amended complaint must not refer to or incorporate by reference his original complaint, and that he "must clearly state what each individual defendant did to violate [his] civil rights," R. at 30. It further instructed him that plaintiffs "cannot name an individual as a defendant based

solely on his or her supervisory position," and that "if [his] claims relate to the conditions of [his] current confinement, [he] should seek assistance from the prison contract attorneys." *Id.* It warned Mr. Lujan that "litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees," *id.*, and it discussed municipal liability and ordered the clerk's office to send Mr. Lujan a copy of the Pro Se Litigant Guide. Finally, the court gave Mr. Lujan thirty days to cure his complaint's deficiencies, indicating that a failure "to timely cure . . . according to the [court's] instructions" would result in the action being "dismissed without further notice." *Id.* at 32.

Instead of amending his complaint, Mr. Lujan filed, among other papers, a "Notice Of Motion And Motion By Plaintiff For Summary Judgment," *id.* at 33. The district court issued an order on January 28, 2010, repeating the complaint's deficiencies and requiring Mr. Lujan to show cause within thirty days "why his complaint should not be dismissed for failure to cure" the deficiencies. *Id.* at 69. The court again warned that a failure to timely cure would result in the case being dismissed without further notice.

Mr. Lujan did not comply with the court's show-cause order. The district court issued a Memorandum Decision on April 26, 2010, denying a motion for appointment of counsel and dismissing Mr. Lujan's complaint for failure to state

a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to prosecute under

Fed. R. Civ. P. 41(b).  Mr. Lujan appeals.

## II.

We review de novo the district court's dismissal of a prisoner's complaint

under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  *Kay v. Bemis*,

500 F.3d 1214, 1217 (10th Cir. 2007).  "[W]e must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences

that might be drawn from them, in the light most favorable to the plaintiff."  *Id.*

(quotation omitted).  "[W]e look to the specific allegations in the complaint to

determine whether they plausibly support a legal claim for relief."  *Id.* at 1218

(internal quotation marks omitted).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Gallagher v.

Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (internal quotation marks omitted).

"We review for an abuse of discretion an order dismissing an action for

failure to prosecute."  *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.,

Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).  Before dismissing a complaint with

prejudice for failure to prosecute, "the district court should ordinarily first

consider certain criteria," *id.*, that have come to be known as the "*Ehrenhaus

factors*," *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162, 1163

-4-

(10th Cir. 2007).[1]  A dismissal without prejudice, on the other hand, does not require consideration of the *Ehrenhaus* factors.  *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

In Mr. Lujan's pro se appellate brief which, like his district court filings, we afford a liberal construction, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), he contends the district court erred because it "never had the facts" and it did not allow him "latitude" after being informed that he "needed the Rules of the Court of which [he] was denied access."  Aplt. Br. at 4.  He also provides a narrative, complaining—as best we can discern—that (1) "defendant" forged his signature on a $67,000 Social Security check; (2) in 2009 he was beaten and sustained broken ribs and was not provided appropriate medical attention; (3) he was subjected to excessive force "a second time" from "April thru June 2010" when "guards . . . threatened and beat [him] up" and placed him in "Punitive Isolation," which, he alleges, constitutes cruel and unusual punishment; (4) he has been "excessively fined for charges [he] plead not guilty to[]"; (5) doctors have "deliberately misdiagnosed" him; (6) he has been "sexually

---

[1]     The non-exhaustive *Ehrenhaus* factors include:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (ellipsis, citations, and internal quotation marks omitted).

abused"; and (7) he "was a sexual abuse victim . . . at the prison in April of 2010." *Id.* at 1-2.[2]

As a threshold matter, the district court did not specify whether its dismissal was with or without prejudice. We presume the dismissal was with prejudice since a dismissal for failure to state a claim and a dismissal for failure to prosecute are decisions on the merits. *Osborn v. Shillinger*, 861 F.2d 612, 617 (10th Cir. 1988); Fed. R. Civ. P. 41(b). As such, the district court should have considered the *Ehrenhaus* factors with respect to its Rule 41(b) dismissal. *See Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (holding district court's dismissal of an action with prejudice, without addressing "*Ehrenhaus* factors on the record[,] amounts to an abuse of discretion" (internal quotation marks omitted)). The district court in this case, however, provided an independent basis for dismissing Mr. Lujan's action; that is, for failure to state a claim under § 1915(e)(2)(B)(ii). *See Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003) ("[A]n erroneous rationale is not necessarily fatal to a decision under review if there is an alternative ground for affirming the result reached. . . . [Thus, this court may affirm on an alternative ground if] there is a record sufficient to permit conclusions of law." (internal quotation marks omitted)).

---

[2] Narrative items three, four, and seven were not, as best we can tell, raised in the district court and are forfeited. *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

Having carefully reviewed the record, Mr. Lujan's appellate materials, and the relevant legal authority, we conclude that the district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is unassailably correct, and we AFFIRM its disposition on that basis. *See Ashby*, 331 F.3d at 1151. Additionally, we GRANT Mr. Lujan's motion for leave to proceed on appeal without prepayment of costs or fees and remind him that he must make partial payments until the entire appellate filing fee is paid in full. We DENY Mr. Lujan's "Motion to Vacate the Conviction," "Motion to Court: to Amend to Re: 10-4093," "10-4093 Motion Interlocutory Summary Judgment," and all other pending motions.

Entered for the Court


Michael R. Murphy
Circuit Judge