**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ADVANTEDGE BUSINESS GROUP,
L.L.C., a Colorado limited liability
company,

      Plaintiff-Appellant,

v.

THOMAS E. MESTMAKER &
ASSOCIATES, INC., a California
corporation; THOMAS E.
MESTMAKER, individually; RICK D.
HYMAN, individually; JEFFREY
WOODY, individually and doing
business as American Family
Insurance; DAVID WILLIAMS,
individually; AMERICAN FAMILY
MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

      Defendants and Cross-
      Defendants-Appellees,

  and

AMERICAN EMPLOYMENT
GROUP, INC.,

      Defendant and
      Cross-Claimant.

No. 07-1209

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 02-CV-901-WDM-CBS)**

Submitted on the briefs:[*]

Frederick J. Baumann and Stephen E. Csajaghy, Rothgerber Johnson & Lyons LLP, Denver, Colorado, for Plaintiff-Appellant.

Ellis J. Mayer, Nathan, Bremer, Dumm & Myers, P.C., Denver, Colorado, for Defendants-Appellees Thomas E. Mestmaker & Associates, Inc., Thomas E. Mestmaker, and Rick D. Hyman.

Brent Anderson and Jessica E. Yates, Snell & Wilmer L.L.P., Denver, Colorado, for Defendants-Appellees American Family Mutual Insurance Company and Jeffrey Woody.

Before **MURPHY**, **McKAY**, and **BRORBY**, Circuit Judges.

**MURPHY**, Circuit Judge.

Plaintiff AdvantEdge Business Group, L.L.C. (AdvantEdge) appeals the district court's order dismissing its case without prejudice for lack of prosecution. The order of dismissal closed the case, and this court has jurisdiction. *See* 28 U.S.C. § 1291; *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (stating order dismissing complaint without prejudice was appealable because it closed the case). Although AdvantEdge also challenges the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

district court's earlier order granting partial summary judgment, this court declines to review that order. The order of dismissal is affirmed.

*BACKGROUND*

The underlying litigation concerned a health-insurance plan AdvantEdge purchased in November 2001.[1] AdvantEdge, a professional employer organization providing payroll and health insurance services, purchased the plan to cover its clients and employees. AdvantEdge alleged that defendants falsely stated the plan was ERISA-compliant and was fully-funded, including reinsurance or stop-loss insurance, by an "A-rated" insurance carrier. After discovering the alleged misrepresentations, AdvantEdge filed suit in May 2002 stating numerous causes of action. In late March 2006, the district court granted summary judgment to certain defendants on some, but not all, of AdvantEdge's claims.

The litigation proceeded until March 2007, when AdvantEdge's attorney filed a motion to withdraw asserting his client had failed to communicate with him and he could not continue to represent it. On March 13, 2007, the district court ordered AdvantEdge to show cause why the case should not be dismissed, giving it until April 6, 2007, to respond. The district court also postponed a pretrial hearing scheduled for March 15, 2007, over the objection of the

---

[1] AdvantEdge sued various participants in the insurance-policy sale. AdvantEdge dismissed its claims against some defendants in the district court. The alleged roles of the defendants are not relevant to this appeal. Defendant Williams is dismissed from this appeal.

defendants, who argued they should not have to incur additional expenses to prepare for the hearing at a later date.

AdvantEdge failed to respond to the show-cause order. Consequently, the district court granted counsel's motion to withdraw and dismissed the case without prejudice for failure to prosecute. The court also awarded costs to the respective defendants. During the thirty-day period for filing a notice of appeal, AdvantEdge retained new counsel and filed a timely notice of appeal from the order of dismissal. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal in civil case must be filed within thirty days after judgment). Ten days later, after the filing deadline for a notice of appeal had passed, AdvantEdge filed an amended notice, indicating that it was also appealing the interlocutory order granting partial summary judgment.

On appeal, AdvantEdge challenges the interlocutory order and the order dismissing the case for lack of prosecution. Defendants contend appellate jurisdiction is lacking over the interlocutory order granting partial summary judgment because the amended notice of appeal was filed beyond the thirty-day deadline in Rule 4(a)(1)(A) and, in any event, the interlocutory partial summary judgment does not merge into the final judgment of dismissal under these circumstances. They also argue that the case was properly dismissed for failure to prosecute.

*DISMISSAL FOR FAILURE TO PROSECUTE*

We review for an abuse of discretion an order dismissing an action for failure to prosecute. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious*, 492 F.3d at 1162. A dismissal with prejudice, on the other hand, is a harsh remedy, and the district court should ordinarily first consider certain criteria.[2] *Id.*

Here, the district court dismissed AdvantEdge's case without prejudice, so it was not required to consider the criteria applicable to a dismissal with prejudice. AdvantEdge argues that the dismissal had the practical effect of a dismissal with prejudice because "the applicable statutes of limitation may bar some of all of AdvantEdge's claims if it is forced to refile its Complaint." Aplt.

---

[2] The non-exhaustive list of factors is: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

Opening Br. at 10 n.2; Aplt. Reply Br. at 1.  This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.  *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992).  But AdvantEdge cannot demonstrate this effect because it has failed to sufficiently address on appeal the possible running of a statute of limitations; indeed, it has failed even to identify the applicable limitation periods.  Consequently, AdvantEdge has waived this argument.  *See Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1217 (10th Cir. 2008) (holding appellant waived argument by failing to cite to any legal authority or record evidence in support); *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").  Therefore, we hold that the district court did not abuse its discretion in dismissing the case without prejudice.

*ORDER GRANTING PARTIAL SUMMARY JUDGMENT*

Defendants first contend this court lacks jurisdiction to review the district court's grant of summary judgment in their favor because the first, timely notice of appeal failed to reference the summary judgment and the amended notice correcting this deficiency was untimely.  Under this circuit's precedent, a notice of appeal designating the final judgment necessarily confers jurisdiction over earlier interlocutory orders that merge into the final judgment.  *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007).  The question then

becomes whether the district court's grant of partial summary judgment in favor of defendants merged into the district court's order dismissing the case without prejudice.

Defendants contend that earlier interlocutory orders are not merged into a final judgment of dismissal for failure to prosecute. There is authority for this contention. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2nd Cir. 1999); *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 105-07 (1st Cir. 1998) (collecting cases); 20 James Wm. Moore, et al., *Moore's Federal Practice*, ¶ 303.21 [3][c] (3rd ed. 2008). The cases adopting this exception to the merger rule appear to use it merely as a convenient vehicle to effectuate the unremarkable principle that a party who fails or refuses to proceed with its remaining claims should not be allowed to thereby accomplish immediate review of an otherwise unappealable, interlocutory order. *Shannon*, 186 F.3d at 193; *John's Insulation*, 156 F.3d at 105-07. Some of the jurisdictions that have adopted this exception to the merger rule have on other occasions issued opinions that do not apply the exception. *Compare Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 445 (2d Cir. 1968) (reviewing interlocutory stay order), *with Shannon*, 186 F.3d at 193 (holding no jurisdiction over interlocutory order entered before case dismissed for failure to prosecute); *compare Bethel v. McAllister Bros.*, 81 F.3d 376, 378-79, 383 (3d Cir. 1996) (reviewing merits of new-trial order after plaintiff refused to proceed with second

trial), *with Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) ("A party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default."); *compare Hefti v. Comm'r,* 899 F.2d 709, 711 (8th Cir. 1990) (reviewing interlocutory order deciding a controlling question of law in a single-issue tax appeal), *and Drake v. Southwestern Bell Tel. Co.*, 553 F.2d 1185, 1186-87 (8th Cir. 1977) (reviewing interlocutory order depriving plaintiff "of any meaningful relief"), *with DuBose v. Minnesota,* 893 F.2d 169, 171 (8th Cir. 1990) (holding no appellate review available for interlocutory order when final judgment was dismissed for failure to prosecute).

There is no statute, rule, or precedent[3] requiring an exception to the merger rule when the final judgment is a dismissal for failure to prosecute and this court sees no reason to adopt such a rule. Rather, the better approach is a prudential rule allowing the appellate court to review an interlocutory order preceding a dismissal for failure to prosecute in that rare case when it makes sense to do so. Such a rule avoids the need to carve an exception from the celebrated merger doctrine; avoids the necessity of exceptions to the exception and concomitant

---

[3]     The suggestion to the contrary is dicta in *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002) (holding interlocutory order merged into final judgment). *Bowe v. First of Denver Mortgage Investors*, 613 F.2d 798 (10th Cir. 1980), does not articulate a generally applicable rule nor an exception to the merger rule; in the context of class actions, it appears *sui generis*.

apparent inconsistencies; clarifies the opportunity for review of interlocutory orders when the judgment of dismissal is reversed; and yet preserves for the unexceptional case the salutary principle of prohibiting manipulation of the district court processes to effect the premature review of an otherwise unappealable interlocutory order.

Applying the prudential rule, this court declines to review the interlocutory, partial summary judgment. This is an unremarkable case in which AdvantEdge failed to proceed on the merits with its remaining claims and yet seeks appellate review of an otherwise interlocutory grant of summary judgment. In doing so, it precluded the district court from reconsidering the summary judgment sua sponte or by means of a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure. Even after entry of final judgment, plaintiff chose not to invoke Rule 59(e) or 60(b) to revisit the summary judgment or to preserve its appealability in the ordinary course. The record discloses no reason to allow appellate review of that order. As a consequence, AdvantEdge is the unexceptional plaintiff to whom the following homily should apply:

> If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 [U.S.C.] § 1291. To review the [interlocutory order] is to invite the inundation of appellate dockets with requests for review of

interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases.

*Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974).

Accordingly, the court declines to review the order granting partial summary judgment.

*CONCLUSION*

The motion to dismiss defendant David Williams from this appeal is GRANTED. Defendants' motions to dismiss the appeal in part are DENIED as moot, in light of the disposition of this appeal. The judgment of dismissal is AFFIRMED.