FILED
United States Court of Appeals
Tenth Circuit

July 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MILAGRO TAURUS,

       Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF SOCIAL
SECURITY, State Office; MICHAEL J.
ASTRUE, Commissioner of Social
Security Administration,

       Defendants-Appellees.

No. 11-1530
(D.C. No. 1:11-CV-02222-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Plaintiff Milagro Taurus appeals from a district court order dismissing this

action without prejudice for failure either to cure deficiencies previously noted

regarding her application to proceed in forma pauperis (IFP) or pay the required

filing fee. We have jurisdiction to review the dismissal order, notwithstanding that it

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

is without prejudice, because it "expressly and unambiguously dismisses [the] plaintiff's entire action." *Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006). We review the order for abuse of discretion, *see Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003), and, finding none, we affirm.

Upon discovering that Ms. Taurus' IFP application was not properly signed or notarized,[1] the magistrate judge issued an order citing the deficiencies and directing Ms. Taurus to cure them or pay the filing fee within thirty days. The magistrate judge warned that failure to comply with the order would result in dismissal of the action without further notice. After thirty days had passed without corrective action by Ms. Taurus, the district court ordered the case dismissed without prejudice. We discern no abuse of discretion in the court's action. Ms. Taurus was given adequate notice of the deficiencies in her materials, what she needed to do to cure them, and what would happen if she did not do so by a specified deadline. Because the dismissal was without prejudice, no additional particularized procedures or findings were required. *See AdvantEdge Bus. Grp. v. Thomas E. Westmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

A further observation is warranted. The filing fee is not the only problem plainly evident here. The complaint submitted in this case was patently deficient in substance to support a cause of action; it is not possible to glean any plausible legal

---

[1] The significant omission is the lack of notarization. Ms. Taurus's signature does appear on the application, just not in the designated signature block.

claim from its cryptic and fantastical allegations. We have no intention of deterring Ms. Taurus from pursuing any legitimate grievance she may have, and the dismissal of this case without prejudice preserves her right to do so. But she should know that in the event she exercises that right by commencing another action in the district court, submitting proper IFP materials or paying the requisite filing fee, that action will nonetheless be subject to summary dismissal if it is based on allegations of the sort advanced in this case.

The judgment of the district court is AFFIRMED. All pending motions are DENIED as moot.

Entered for the Court

Wade Brorby
Senior Circuit Judge