**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARLENE MARK,

     Plaintiff - Appellant,

v.

NORTHERN NAVAJO MEDICAL
CENTER; CYNTHIA LEE OLSON;
UNITED STATES OF AMERICA,

     Defendants - Appellees.

No. 15-2067
(D.C. No. 1:14-CV-00422-MV-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

Darlene Mark appeals from the district court's dismissal without prejudice of

her suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b),

2671-2680, and the district court's subsequent denial of her post-judgment motions to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

vacate the dismissal. Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm the order of dismissal, but we vacate the orders denying the post-judgment motions and remand for re-consideration in light of intervening Supreme Court precedent.

## I. BACKGROUND

In May 2014 in federal district court, Ms. Mark sued Northern Navajo Medical Center and Dr. Cynthia Lee Olson for medical malpractice. She served both defendants with process. The doctor was an employee of the United States and the medical center was under the authority of the United States Department of Health and Human Services. Therefore, the United States' attorney requested that Ms. Mark file an amended complaint substituting the United States as the defendant. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action."). On July 17, 2014, Ms. Mark filed an amended complaint naming the United States as the only defendant, but she did not serve the United States with process.

Nothing further happened for five months, until the magistrate judge issued an order to show cause on December 12, 2014. The order warned Ms. Mark that the claims against the United States were subject to dismissal under Fed. R. Civ. P. 4(m), which generally requires service within 120 days, and that the claims against the

---

[1] "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). Because Ms. Mark "has been effectively excluded from federal court under the present circumstances," *id.* (internal quotation marks omitted), the orders are final and appealable.

2

other defendants were subject to dismissal for lack of prosecution. The order gave Ms. Mark until January 12, 2015, to serve the United States or to show good cause for failing to do so, and to show good cause for failing to prosecute the claims against the other defendants. The order also warned Ms. Mark that her failure to comply could result in dismissal of her claims. Ms. Mark did not respond to the order to show cause and did not serve the United States. Thus, the district court dismissed the complaint without prejudice on January 29, 2015.

Ms. Mark then filed three Fed. R. Civ. P. 60(b) motions, asserting that her failure to respond to the order to show cause was due to administrative error in her counsel's office and that she was prepared to serve the United States immediately upon reinstatement of the suit. The district court denied the motions because it believed that Ms. Mark's failure to serve the United States within six months of the administrative denial of her claims presented a jurisdictional defect that she could not overcome. In its orders denying the second and third motions, the district court further noted that counsel had never explained why the United States was not served before the order to show cause issued.

## II. DISCUSSION

### A.    The Dismissal Order

The district court dismissed the claims against the United States for failure to serve process and dismissed the claims against the doctor and the medical center for failure to prosecute. Before this court, Ms. Mark appropriately focuses on her claims against the United States, abandoning the claims against the doctor and the medical

3

center (which could not proceed under the FTCA anyway). We review a Rule 4(m) dismissal for abuse of discretion. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). "An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

Ms. Mark argues that before dismissing her complaint, the district court was required to consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). She did not raise this argument in the district court, and thus it is waived. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003). But in any event, she is mistaken. The dismissal was without prejudice, and "[w]hen dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted).[2]

In considering whether to dismiss for failure to serve, the district court should inquire "whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza*, 52 F.3d at 841; *see also* Fed. R. Civ. P. 4(m) (directing the court to grant an extension for service if the plaintiff shows good cause). When the magistrate judge entered the order to show cause, Ms. Mark had not served the

---

[2] A dismissal without prejudice may have the practical effect of a dismissal with prejudice in some circumstances, such as the expiration of the limitations period. *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236. Ms. Mark, however, does not argue that the claims against the United States now are time-barred.

4

United States in the five months since she filed her amended complaint. A month later, she failed to respond to the order to show cause, and she still had not effected service. She therefore gave the district court *no* reason for the lack of service, much less a reason that would establish good cause. Further, the district court had already granted Ms. Mark a permissive extension of time. *See Espinoza*, 52 F.3d at 841 (holding that if a plaintiff is not entitled to a mandatory extension because he or she has failed to show good cause for lack of service, the district court must still consider whether to grant a permissive extension of time). In these circumstances, the district court did not err in dismissing the claims without prejudice.

## B.    Fed. R. Civ. P. 60(b) Motions

Ms. Mark filed three post-judgment motions seeking the reinstatement of her suit. As with the dismissal itself, we review the denial of those motions for abuse of discretion. *See Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 789 (10th Cir. 2013).

The district court primarily declined to vacate the dismissal because it believed that Ms. Mark had not satisfied (and could never satisfy) a jurisdictional prerequisite because she had not served the United States within the period for commencing a FTCA suit. After the district court's decisions in this case, however, the Supreme Court held that the FTCA's time limitations are not jurisdictional. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015) ("[28 U.S.C. §] 2401(b) [stating time limits for FTCA claims] is not a jurisdictional requirement. The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds."). Judicial

5

decisions interpreting statutes commonly operate retrospectively. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."); *De Niz Robles v. Lynch*, -- F.3d --, 2015 WL 6153073, at *4 (10th Cir. Oct. 20, 2015) ("[J]udicial decisions have had retrospective operation for near a thousand years." (internal quotation marks omitted)). Therefore, the FTCA statute of limitations does not present an unsurmountable jurisdictional obstacle to Ms. Mark's action and need not bar reinstatement of her claims against the United States. Of course, the district court did not have the advantage of *Kwai Fun Wong* when it was considering Ms. Mark's post-judgment motions. In these circumstances, we believe the appropriate course is to vacate the orders denying those motions and remand for further consideration by the district court.

The district court also stated that counsel had never explained why the United States was not served in the five-month period after filing the amended complaint and that it would "likely" deny the Rule 60(b) motions on that ground. Aplt. App. at 60. We do not consider this statement as an alternate ground for affirming the judgment, however, because it was a prediction made under the belief that Ms. Mark could not satisfy a jurisdictional prerequisite. It is possible that the district court could change its decision in light of *Kwai Fun Wong*. But, of course, on remand the district court retains full discretion to consider whether Ms. Mark has established any Rule 60(b) ground for relief.

6

## III.  CONCLUSION

The order of dismissal is affirmed, but the orders denying the post-judgment motions are vacated and this case is remanded to the district court for further consideration in light of *Kwai Fun Wong*, 135 S. Ct. at 1633.

Entered for the Court

Timothy M. Tymkovich
Chief Judge