**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BYRON TYROME TODD,

    Plaintiff - Appellant,

v.

THE UNITED STATES; THE STATE OF
NEW MEXICO; THE STATE OF
COLORADO,

    Defendants - Appellees.

No. 17-1183
(D.C. No. 1:17-CV-00599-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Byron Todd appeals pro se[1] from the district court's order dismissing without

prejudice his claims against the United States, Colorado, and New Mexico for failure

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Todd proceeds pro se, we construe his findings liberally. _See Erickson v. Pardus_, 551 U.S. 89, 94 (2007) (per curiam); _see also United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.")

to prosecute.  Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the judgment and remand for further proceedings.

## I. **BACKGROUND**

Mr. Todd, a Colorado state prisoner, sued the United States under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971), and two states (Colorado and New Mexico) under 42 U.S.C. § 1983, alleging various civil rights violations.[2]  In his complaint, filed on March 6, 2017, Mr. Todd requested money damages and expungement of his criminal records.

On March 31, 2017, a magistrate judge determined sovereign immunity barred the claims and ordered Mr. Todd to file an amended complaint with cognizable claims within 30 days, warning that his case would be dismissed without further notice if he failed to comply.  When the district court did not receive an amended complaint before the deadline expired, it dismissed the case without prejudice for failure to prosecute and entered judgment in favor of the defendants.  It also denied Mr. Todd leave to proceed *in forma pauperis* ("*ifp*") on appeal, stating that an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438 (1962).

On appeal, Mr. Todd argues he timely filed an amended complaint but prison employees "illegally intercepted [his] out going [*sic*] legal mail for the purpose of

---

[2] The magistrate judge explained that, although the allegations were "difficult to understand" and "poorly organized," it appeared Mr. Todd was challenging a conviction and sentence imposed in 2001.  ROA at 56.

hindering/preventing [his] access to the courts." Aplt. Br. at 4. He also moves to proceed *ifp*.

## II. **DISCUSSION**

### A. *Standard of Review*

We review for abuse of discretion a district court's dismissal for failure to prosecute or to comply with orders. *See AdvantEdge Business Group, L.L.C. v. Thomas E. Mestmaker & Assocs, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

### B. *Analysis*

Mr. Todd contends he complied with the district court's order by filing an amended complaint within the 30-day window. He explains that he mailed an amended complaint on April 22, 2017, but prison employees "illegally intercepted" his outgoing mail. *See* Aplt. Br. at 3. He also submitted a document to this court titled "Crowley County Correctional Facility Outgoing Legal Mail Log," which contains an entry suggesting that he sent legal mail to the district court on April 22, 2017. We have no additional information about the nature or content of this outgoing mail.

The district court dismissed Mr. Todd's action for failure to prosecute, unaware of his allegation regarding interference with outgoing mail. Though the court's dismissal was reasonable given what it knew at the time, we believe it should have the opportunity to consider this decision with the benefit of the information that has since come to light.

## III.  CONCLUSION

Based on the foregoing, we vacate the district court's dismissal and remand with instructions to consider any post-judgment motion Mr. Todd files based on the arguments he raised here.  We also grant Mr. Todd's application to proceed *ifp* and remind him that he is obligated to continue making partial payments until the entire filing fee has been paid.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

4