**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL VILLECCO,

    Plaintiff - Appellant,

v.

VAIL RESORTS, INC., individually,
d/b/a Grand Teton Lodge; GRAND
TETON LODGE COMPANY,

    Defendants - Appellees.

No. 17-8020
(D.C. No. 1:16-CV-00009-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Michael Villecco, appearing pro se,[1] appeals the district court's dismissal of

his employment discrimination claim for failure to prosecute his claim, and from the

subsequent denial of his motion for relief under Fed. R. Civ. P. 60(b). We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Villecco is proceeding pro se, we construe his pleadings liberally,
but we do not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*,
425 F.3d 836, 840 (10th Cir. 2005).

## I. Background

Villecco was terminated from his job as a seasonal dock attendant at Grand Teton National Park after working there for one month. He filed a complaint against Vail Resorts, Inc. and its wholly-owned subsidiary, Grand Teton Lodge Company, (the Defendants) alleging age discrimination and retaliation under Title VII and the Age Discrimination in Employment Act, and intentional infliction of emotional distress. His complaint and court filings gave his address as "General Delivery" in Durango, Colorado. R. at 7, 25, 27. Later, he mailed his first set of discovery requests from "The Mail Room and Copy Center" at "10 Town Plaza" in Durango. *Id.* at 19. He never provided any residential or email address, or any phone number.

The Defendants, through counsel, sent Villecco numerous discovery requests, notices of deposition, and other communications at these addresses, but Villecco almost never responded. He submitted initial disclosures under Fed. R. Civ. P. 26(a), but never produced any of the documents identified in that disclosure, despite follow-up letters from Defendants' counsel asking him to do so. He produced only one document in response to the Defendants' request for documents pursuant to Fed. R. Civ. P. 34.

Villecco failed to appear at his scheduled deposition. Defendants' counsel sent Villecco a Notice of Deposition on August 31, 2016, directing him to appear for his deposition in Durango on October 4, 2016. They wrote asking him to notify them if he could not attend that day. Villecco did not respond, so Defendants' counsel wrote again, asking him to let them know if he could attend the October 4 deposition.

2

Still receiving no response, Defendants' counsel sent him a second Notice of Deposition on September 28, 2016, at both the General Delivery and 10 Town Plaza addresses, rescheduling his deposition in Durango to October 17, 2016. Counsel's letter asked Villecco to confirm receipt of the Notice, but he did not respond. On October 11, 2016, Defendants' counsel sent Villecco a letter informing him the October 17 deposition would proceed as noticed, despite his failure to respond. Villecco did not respond. Counsel for Defendants traveled to Durango from Salt Lake City, Utah, and Denver for the October 17 deposition, but Villecco never appeared.

Defendants filed a Motion to Dismiss and for Sanctions under Rule 41(b), and for sanctions under Fed. R. Civ. P. 37(d). The Motion was mailed to both Villecco's General Delivery and 10 Town Plaza addresses. The Defendants produced evidence showing that Villecco failed to comply with his discovery obligations under Rule 26(a); failed to respond to document requests under Rule 34; failed to appear at his properly-noticed deposition; and failed to respond to any communications from Defendants' counsel. Villecco did not respond to the Motion to Dismiss.

The district court dismissed Villecco's complaint without prejudice. It considered whether dismissal was an appropriate sanction, applying the factors we have delineated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). It determined that Villecco caused great interference with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact

3

witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss. The district court concluded that Villecco acted with culpability because he was well aware of his discovery obligations, as he sent the Defendants five sets of discovery requests, including seventy-six requests for production of documents and thirty-seven interrogatories. Given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the court found no lesser sanction than dismissal would be effective.

The district court denied the Defendants' request for attorney fees as a sanction under Rule 37(d), noting that while Villecco's conduct justified such an award, Villecco appeared to have no known employment or settled residence and had already been sanctioned by the dismissal of his complaint.

Villecco filed a motion for relief under Rule 60(b), arguing the Motion to Dismiss was not served on him and that the judgment of dismissal was void for lack of due process. The district court denied the motion. Villecco appeals.

## II. Analysis

Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." We review an order of dismissal for failure to prosecute under an abuse-of-discretion standard. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). A district court abuses its discretion if it "makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances." *Id*. (alterations and internal quotation marks omitted).

4

"A district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted). We also review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005). We will reverse the denial of a Rule 60(b) motion only if no reasonable basis exists for the district court's decision and we are certain its decision is wrong. *Id.*

If the Rule 41(b) dismissal is with prejudice, the district court must consider the *Ehrenhaus* factors, namely, "(1) the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks omitted). Ordinarily a court need not consider the *Ehrenhaus* factors when the dismissal is without prejudice. *AdvantEdge*, 552 F.3d at 1236. But here, the statute of limitations had run on Villecco's claims, so the dismissal was effectively with prejudice. Thus, the district appropriately considered the *Ehrenhaus* factors. *See id.*

On appeal, Villecco argues the district court did not make a finding that he acted with willful noncompliance as to each claimed failure to respond. In support of this argument, he does not articulate any reason why his non-compliance was not willful; instead he raises numerous arguments claiming certain failures by the

5

Defendants.[2] These arguments are all raised for the first time on appeal; he did not raise them in his Rule 60(b) motion, nor did he respond to the Motion to Dismiss. Thus, they are forfeited. *See Richison v. Ernest Grp., Inc*., 634 F.3d 1123, 1128 (10th Cir. 2011) ("[I]f [a] theory . . . wasn't raised before the district court, we usually hold it forfeited."). Forfeited arguments are ordinarily reviewable under the plain-error standard. *Id*. But Villecco did not argue for the application of plain error on appeal in his opening brief. His arguments are, therefore, waived. *See McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010).

The district court did not abuse its discretion in assessing Villecco's culpability. A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (internal quotation marks omitted). The district court determined that Villecco was culpable because he did not provide an address that he checked; did not provide any other mailing or email address or phone number; repeatedly failed to appear at his own deposition in spite of repeated attempts by the Defendants to communicate with him; and failed to respond to the Defendants' Motion to Dismiss. Villecco has never claimed he did not receive Defendants' discovery requests, notices, or communications, nor has he ever

---

[2] He argues the Defendants never moved for an order to compel his responses to discovery; that deposition notices were invalid because they used an "/s/ signature" electronic signature instead of an ink signature, which was impermissible because he had not agreed to service by electronic means; that Defendants were not prejudiced by his failure to file his witness list, as it was not mandatory that he have any witnesses; and that he did not consent to email service and had not registered with the courts' CM/ECF system.

articulated any reason why his non-compliance with his discovery obligations and the notices of deposition were either inadvertent or the result of some inability to comply. He certainly was able to communicate with Defendants, as he sent the Defendants five sets of discovery requests. The record supports an inference of willful non-compliance.

Villecco next argues the court did not explain why it imposed the extreme sanction of dismissal. He contends a lesser sanction, such as a stay, should have been fashioned and that he should have received a prior warning that the court was considering dismissal. Again, this argument is forfeited because he did not raise it before the district court. In any event, contrary to Villecco's assertion, the district court did determine that a lesser sanction would be ineffective because a stay would not have a "real impact on [Villecco] in encouraging responsiveness." R. at 244.

Finally, Villecco argues the district court failed to warn him that it would dismiss the case. He raised this argument in his Rule 60(b) motion. As the district court correctly ruled, Villecco was properly served with the Motion to Dismiss at both of the two addresses he provided. Further, after Villecco failed to respond to the Motion to Dismiss, the Defendants filed a Notice to Submit for Decision their Motion to Dismiss, which was also properly served on Villecco. Both the Motion to Dismiss and the Notice to Submit gave Villecco notice that his complaint was subject to dismissal under Rule 41(b). As the district court noted, Villecco never argued that his address changed. On these facts, we conclude that Villecco was adequately warned that his complaint was subject to dismissal under Rule 41(b).

7

*See Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1149 (holding that "notice is not a

prerequisite for dismissal under *Ehrenhaus*," though it is "an important element").

The dismissal here was well within the district court's discretion.

We affirm the district court's dismissal of Villecco's complaint and its denial

of Villecco's Rule 60(b) motion for relief.

Entered for the Court


Mary Beck Briscoe
Circuit Judge