FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES LEE LISTER,

     Plaintiff - Appellant,

v.

WESTERN INDUSTRIES
CORPORATION,

    Defendant - Appellee.

No. 19-3251
(D.C. No. 6:17-CV-01204-EFM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

James Lee Lister appeals the district court's grant of summary judgment in

favor of Western Industries Corporation on his pro se claim asserting racial

discrimination in violation of 42 U.S.C. § 1981. Exercising jurisdiction pursuant to

28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND[1]

In November 2015, Mr. Lister was working for Manpower, a national staffing agency that connects temporary workers with employers. He was assigned to work at Western in a temporary position as a Laborer/Saw Operator working with a crew on a large saw machine.

### A. *Western's Safety Protocol for Operating the Saw Machine*

The crew member operating the saw machine from the control panel was deemed the saw operator. Due to the size of the machine, the saw operator was not able to determine from his position at the control panel whether a coworker or debris was near the saw blade located in the machine's middle section. For that reason, Western's safety protocols called for specific steps before starting the saw machine. First, the saw operator was required to yell "clear." Second, one of the other members of the saw crew was required to visually inspect the saw area by walking around the machine to ensure the saw area was free of debris and clear of workers. Third, upon completion of this visual inspection, that crew member was required to yell "clear" or "all clear," at which point the saw operator could turn the saw machine on. Mr. Lister received training on this safety protocol on his first day of work at Western.

---

[1] We derive the background facts from the undisputed facts as stated in the district court's summary judgment order, noting where the parties' versions of the relevant events diverge.

## B. *The Safety Protocol Violation and Mr. Lister's Termination*

On January 19, 2016, Mr. Lister was assigned to a saw crew with two other temporary workers: Edward Huckabey and John Cooper. Mr. Huckabey was the saw operator. At some point the saw machine was turned off for maintenance on the saw blade. When the maintenance was completed, Mr. Huckabey returned to the machine's control panel and yelled either "clear" or "are you guys ready?" Mr. Lister, who was standing on the opposite side of the machine from the control panel, replied "all clear." But Mr. Lister had not walked around the saw machine to verify that the saw blade in the middle of the machine was, in fact, clear. When Mr. Huckabey turned on the saw machine, he immediately heard Mr. Cooper shout and he turned the machine off. Mr. Cooper had been in the middle of the saw machine when Mr. Huckabey turned it on. The blade cut Mr. Cooper's boot but did not physically injure him.

James Glennie, the plant manager, approached the saw crew to determine what had happened. Mr. Glennie asked Mr. Lister if he had walked around the saw machine to ensure it was safe to turn on the saw before yelling "clear." Mr. Lister responded, "I guess not." He told Mr. Glennie that when he yelled "all clear" he was referring only to the back of the saw area.

The parties disagree as to what happened next. According to Mr. Lister, Mr. Glennie initially said, "That's a safety violation," and "I'm going to have to fire you both." When Mr. Huckabey responded that he could not be fired because he had a family to support, Mr. Glennie told Mr. Huckabey to stay and they would talk in

3

Mr. Glennie's office. But when Mr. Lister told Mr. Glennie that he also had a family to support, Mr. Glennie maintained that Mr. Lister was fired and encouraged him to leave.

According to Western, Mr. Glennie told Mr. Lister to clock out and leave the premises. Mr. Huckabey then requested to speak with Mr. Glennie in his office. Mr. Huckabey explained to Mr. Glennie that he had followed the safety protocol by relying on Mr. Lister's statement that the saw machine was clear. Mr. Glennie confirmed with another worker, who had been working nearby, that Mr. Lister gave the "all clear" before Mr. Huckabey turned the saw on. Having confirmed that Mr. Lister was the only worker who violated the safety protocol, Mr. Glennie instructed Manpower to end Mr. Lister's temporary assignment with Western. Mr. Glennie did not request that Mr. Lister's employment with Manpower be terminated.

### C. *Mr. Lister's Pro Se Federal Action*

Mr. Lister filed this pro se action against Western. The district court construed his amended complaint as alleging a claim of race discrimination in violation of § 1981. Mr. Lister is African American. Mr. Huckabey is white.

### 1. **Mr. Lister's Motion to Compel Discovery**

Mr. Lister moved to compel discovery from Western. As relevant to his appeal, he sought disclosure of the shift leads and supervisors at Western's facility. Western responded that it did not maintain any relevant records. A magistrate judge denied Mr. Lister's motion to compel. While acknowledging it would have been

reasonable for Western to have kept such records, the magistrate judge accepted Western's representation that it did not. Mr. Lister did not serve and file objections to the magistrate judge's order within fourteen days after service. *See* Fed. R. Civ. P. 72(a).

## 2. **The District Court's Summary Judgment Ruling**

Both parties moved for summary judgment. The district court granted Western's motion and denied Mr. Lister's because he did not satisfy his burden to show that Western's proffered non-discriminatory reason for terminating his employment—Mr. Lister's violation of the safety protocol—was a pretext for race discrimination.[2] *See Miller v. Eby Realty Grp. LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005) ("Pretext exists when an employer does not honestly represent its reasons for terminating an employee.").

The district court discerned two pretext arguments from Mr. Lister's filings: (1) Western's stated reason for his termination was false, and (2) Western treated Mr. Lister and Mr. Huckabey differently even though they both violated the safety protocol. *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167-68 (10th Cir. 2007). The court first held that Mr. Lister did not show that Western's reason was factually false because Mr. Lister admitted that he failed to walk around and visibly inspect the saw machine before yelling "all clear."

---

[2] The district court did not reach Western's alternative argument that Manpower, rather than Western, was Mr. Lister's employer. We likewise decline to address this issue.

5

Second, the court held that Mr. Lister did not demonstrate disparate treatment based on Western terminating him but not Mr. Huckabey. Mr. Lister contended that Mr. Huckabey was equally responsible for the safety protocol violation because he failed to observe Mr. Cooper near the saw blade before turning on the saw machine.[3] But the court held the evidence showed that Mr. Huckabey followed the safety protocol because, as the saw operator, he could not see the saw blade area from his position at the control panel and had to rely on the "all clear" announcement before turning on the machine. Mr. Lister and Mr. Huckabey thus had different responsibilities under the safety protocol: Mr. Lister was obligated to visually inspect the saw machine to ensure no one was in harm's way before confirming "all clear," and Mr. Huckabey was obligated to receive an "all clear" confirmation before turning on the saw machine. The court held the evidence showed that Mr. Huckabey followed the safety protocol, while Mr. Lister did not. Western's decision not to terminate Mr. Huckabey was therefore not evidence of pretext.

## II. **DISCUSSION**

On appeal, Mr. Lister challenges the magistrate judge's denial of his motion to compel discovery, and he contends the district court erred in granting summary judgment in favor of Western. We construe Mr. Lister's pro se appeal arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). But we do

---

[3] Mr. Lister attempted to submit evidence that the saw operator was required to observe the area before turning on the saw machine, but the district court excluded that evidence as inadmissible under the local court rules.

not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (stating the court "will not craft a party's arguments for him").

### A. *Denial of Motion to Compel Discovery*

We review the magistrate judge's ruling on Mr. Lister's motion to compel discovery for an abuse of discretion.  *See King v. Fleming*, 899 F.3d 1140, 1147 (10th Cir. 2018).  Western contends that Mr. Lister did not preserve this issue for appeal because he failed to file any objection to the magistrate judge's ruling.  Rule 72(a) provides for the filing of objections to a magistrate judge's order on a non-dispositive issue:

> A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).  We recently clarified that a failure to object under Rule 72(a) does not divest this court of jurisdiction to review a magistrate judge's non-dispositive order, holding instead that our firm waiver rule applies.  *See Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781 (10th Cir. 2021).  "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions." *Id.* at 781 n.23 (brackets and quotations omitted).  Mr. Lister did not file objections.

We have recognized an exception to the firm waiver rule for dispositive magistrate judge orders:

> We . . . have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate[] [judge's] order does not apprise the pro se litigant of the consequences of a failure to object . . . i.e. waiver of the right to appeal from a judgment of the district court based upon the [ruling] of the magistrate [judge].

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (requiring magistrate judges "to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object"). In her order denying Mr. Lister's motion to compel, the magistrate judge did not include language regarding the timeframe for filing objections and the consequences of failing to do so. *See* R. at 233-35. We need not decide, however, whether to apply our firm waiver rule here because Mr. Lister has waived his right to appellate review of the magistrate judge's ruling on his motion to compel for a different reason.

Mr. Lister contends, without further elaboration, that the magistrate judge erred by not ordering Western to produce evidence of shift leads and supervisors. *See* Aplt. Opening Br. at 3. This perfunctory contention of error—which fails to provide any basis for challenging the district court's ruling that Western did not retain such records—is insufficient to invoke our review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (reiterating the "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (quotations omitted)); *Perry*, 199 F.3d

8

at 1141 n.13 (declining to address an argument "not adequately developed"); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring an appellant's argument to include his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").[4]

## B. *Summary Judgment for Western*

"We review the district court's grant of summary judgment de novo." *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Because Mr. Lister did not produce direct evidence of discrimination, the district court applied the *McDonnell-Douglas* burden-shifting framework to his § 1981 claim. *See Thomas v. Berry Plastics Corp.*, 803 F.3d 510, 514 (10th Cir. 2015) (assessing § 1981 claim under the *McDonnell-Douglas* framework). Under that framework, Mr. Lister carried the initial burden of establishing a prima facie case of racial discrimination, after which the burden shifted to Western to articulate a

---

[4] In his reply brief, Mr. Lister makes an assertion about Western's ability to "remember" the identities of leads and supervisors. Aplt. Reply Br. at 2. We do not address arguments raised for the first time in a reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

Western argues Mr. Lister did not preserve this issue for appeal because he failed to call out the magistrate judge's order in his notice of appeal. But "a notice of appeal designating the final judgment necessarily confers jurisdiction over earlier interlocutory orders that merge into the final judgment." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236-37 (10th Cir. 2009).

legitimate, non-discriminatory reason for his termination. *See Young*, 468 F.3d at 1249. We assume for purposes of our analysis that Mr. Lister satisfied his prima facie burden, and he does not contend that Western failed to satisfy its responsive burden to state its reason for the termination. The only issue is whether Mr. Lister demonstrated a genuine dispute as to whether Western's reason for terminating him—his violation of a safety protocol—was pretextual. *See id.* He did not.

"The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (brackets and quotations omitted). "The reason for this rule is plain: our role is to prevent intentional discriminatory hiring practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments." *Young*, 468 F.3d at 1250.

Mr. Lister argues he demonstrated pretext. He asserts that Western failed to produce signed documentation of his training on the safety protocol. But he does not dispute that he was trained on it. He repeats his contention that he intended his "all clear" confirmation to pertain only to the portion of the saw machine where he was located, and he argues that Mr. Huckabey could and should have been able to see that Mr. Cooper remained near the saw blade. Finally, he references an OSHA investigation at Western after his termination, contending the incident leading to his termination would not have happened if an additional safety measure had been in place.

10

Mr. Lister does not explain how any of these averments shows that Western did not honestly believe he violated Western's safety protocol by failing to walk around the saw machine to ensure that the saw area was free of debris and workers before giving an "all clear" signal. He therefore has not demonstrated that the district court erred in holding he failed to satisfy his burden to show Western's stated reason for terminating him was pretextual.

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

11