**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 4, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

LATOYA L. ADAMS,

     Plaintiff - Appellant,

v.

JENNIFER ORR, individually and in her official capacity as Laramie County Detention Center Deputy; KARISSA RAMOS, individually and in her official capacity as Laramie County Detention Center Correctional Officer; CARESA MARINO, individually and in her official capacity as Cheyenne Police Department Peace Officer; ALYSSA MUZQUIZ, individually and in her official capacity as Cheyenne Police Department Peace Officer, AKA Officer Moose; DAVID INMAN, individually and in his official capacity as Cheyenne Police Department Peace Officer Badge No. 28; BENJAMIN VAPENIK, individually and in his official capacity as Cheyenne Police Department Officer; BRIAN AHEARN, individually and in his official capacity as Cheyenne Police Department Officer; BRAD DOBESH, individually and in their official capacity as Avis Budget Car Rental Escalation Team Member; JOHN CAMPBELL, individually and in his official capacity as Avis Budget Car Rental Escalation Team Member; TERRA, individually and in their official capacity as M & F Towing Owner,

    Defendants - Appellees.

No. 25-8035
(D.C. Nos. 2:23-CV-00122-SWS &
2:23-CV-00123-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

LaToya Adams, a nonprisoner proceeding pro se, appeals the district court's dismissal of her amended consolidated complaint.[1] We affirm because Adams does not challenge the district court's rulings.

In 2023 and 2024, Adams filed two separate actions, which the district court consolidated, related to interactions with the Cheyenne Police Department, the Laramie County Detention Center, M & F Towing Company, and Avis Budget Rental Car. Adams asserted several claims against various individuals in their official and individual capacities stemming from—among other things—a 2018 traffic stop that resulted in a citation, her subsequent arrest for failure to appear on the citation, her stay at the detention center following that arrest, the towing of her rental car after her arrest, and her later attempt to rent a second vehicle from Avis.

The law-enforcement defendants moved to dismiss for failure to state a claim, and Adams did not respond to their motions. The district court granted the motions,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Although we liberally construe Adams's pro se filings, we do not act as her advocate or create arguments on her behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

treating Adams's failure to respond "as a confession of the motions." R. 222. It also

concluded that Adams failed to state any claims against these defendants.[2]

Separately, the district court granted a motion to dismiss filed by an Avis employee,

again concluding that Adams failed to state a claim.[3] And the district court then

dismissed all claims against the other Avis employee because Adams failed to

provide an accurate address for service.

After 90 days passed with no action on the case, the district court entered a

notice of impending dismissal for failure to prosecute. One month later, as warned,

the district court dismissed the action without prejudice for failure to prosecute,

pursuant to Federal Rule of Civil Procedure 41(b) and District of Wyoming Local

Civil Rule 41.1(b).

Adams appeals. We review dismissals for failure to state a claim de novo and

dismissals for failure to prosecute for abuse of discretion. *See Renfro v. Champion*

*Petfoods USA, Inc.*, 25 F.4th 1293, 1300 (10th Cir. 2022) (failure to state a claim);

---

[2] Adams sought to appeal this order. We dismissed her appeal after she failed to respond to the law-enforcement defendants' motion to dismiss, holding that we lacked jurisdiction due to the absence of a final order: the district court had not yet adjudicated all Adams's claims against all defendants. *See Adams v. Orr*, No. 24-8046, slip op. at 3–4 (10th Cir. Oct. 4, 2024). Adams also petitioned for a writ of mandamus to reverse the district court's order, which we denied. *See In re Adams*, No. 24-8059, slip op. at 2 (10th Cir. Oct. 31, 2024).

[3] Again, Adams sought to appeal. After she failed to respond to our jurisdictional show-cause order regarding the finality of the order on appeal, we dismissed her appeal. *See Adams v. Orr*, No. 24-8076, slip op. at 2 (10th Cir. Nov. 26, 2024).

*AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (failure to prosecute).

In her briefs, however, Adams does not challenge any of the district court's orders. To the contrary, she asserts that "[t]he district court's [o]rder to [d]ismiss was proper and right" and clarifies that she is "not asking [us] to review the decision[s] of the [d]istrict [c]ourt." Aplt. Br. 10; *see also* Rep. Br. 15 (stating that she "holds her stance that the [d]istrict [c]ourt did not make an error in [its] decision to dismiss [her] claims due to failure to prosecute"). Therefore, we agree with defendants that Adams has waived any challenge to the district court's orders. *See Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1368–69 (10th Cir. 2015) (finding waiver because appellant's opening brief did not challenge the basis of the dismissal).

Accordingly, we affirm the dismissal of Adams's complaint.[4] As a final matter, we construe Adams's motion for a stay and injunction as a motion for an injunction pending appeal, and we deny it as moot.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[4] Having affirmed on waiver grounds, we need not reach defendants' alternative arguments about failure to state a claim.

4