FILED
United States Court of Appeals
Tenth Circuit

June 23, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL L. BIERS, an individual and
Chief Tribal Judge of the Te-Moak
Supreme Court,

     Plaintiff,

 v.

DENTONS US LLP, a Utah entity, d/b/a
Dentons, Durham, Jones, Pinegar P.C.;
SALAL CREDIT UNION, a Washington
entity; TONKON TORP, an Oregon entity;
SCS ELKO, a Nevada entity; STEVE
SISOLAK, Governor in his official and
individual capacity; AARON D. FORD, in
his official capacity as the Nevada
Attorney General and individual capacity;
TE-MOAK TRIBE OF WESTERN
SHOSHONE INDIANS OF NEVADA, a
federal corporation; ELKO BAND
COLONY ENTERPRISES; ADELA
MORRISON, an individual; CHADWICK
S. SMITH, an individual; ELLIOT N.
PARRIS, an individual; GEORGE
SKIBINE, an individual; JOSEPH
DELAROSA, an individual; J. R.
DOCKSEY, an individual; KEVIN
CLOCK, an individual; KRISTEN K.
GODDARD-HEVENER, an individual;
LESLIE A. BERG-GROVE, an individual;
MARLA L. McDADE, in her individual
and official capacity; PAUL CONABLE,
an individual; ROBIN A. EVANS, an
individual; STEVEN D. OLSON, an
individual; VIRGINIA H. SIBBISON, an
individual; UNITED STATES OF
AMERICA,

No. 24-4087
(D.C. No. 2:22-CV-00298-HCN)
(D. Utah)

Defendants,

and

STEVEN J. McDADE, an individual,

Defendant Crossclaimant –
Appellant,

v.

ANDREA WOODS, an individual;
ANGELEA MENDEZ, an individual;
ALICE TYBO, an individual; DARIAN
STANFORD, an individual; DAVIS
GONZALEZ, an individual; DAVID D.
CARRERA, an individual; DUANE
GARCIA, SR., an individual; JEFFREY
SCOTT SYPOLT, an individual; JOSEPH
HOLLEY, an individual; JUAN
AREVALO, an individual; LARRY
YEAGER, an individual; SUZANNA R.
SANDOVAL, an individual; TAMMY J.
CARRERA, an individual; TANYA
REYNOLDS, an individual; THALIA
MARIN, an individual; WENDALL D.
HAYES, an individual,

Defendants Cross Defendants –
Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

Steven McDade appeals from the final judgment in this action, in which the district court dismissed his crossclaim and denied his requests for a preliminary injunction.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Plaintiff Samuel Biers initiated this action in May 2022.  As summarized by a magistrate judge, Mr. Biers's 320-page pro se complaint arose from "events spanning from January 2019 to April 2022," and alleged he had been "improperly removed from his position as Chief Tribal Judge" of the Te-Moak Tribe of Western Shoshone Indians.  R. vol. 5 at 179.

Mr. Biers's complaint named Mr. McDade as one of over forty defendants.  Mr. McDade, who has proceeded pro se throughout this action, filed a motion to dismiss but never answered the complaint.  He later separately filed a "3rd Party Cross claim," asserting claims under 18 U.S.C. §§ 241 and 242 against several other parties named as defendants by Mr. Biers.  *Id.* at 128.  Most of those parties moved to dismiss the crossclaim.  Mr. McDade also moved for a preliminary injunction.

The district court eventually dismissed Mr. Biers's complaint, granting him leave to amend it.  The magistrate judge then recommended that Mr. McDade's crossclaim should be dismissed, for four independent reasons.

First, he concluded that Mr. McDade's standalone crossclaim is not a proper pleading," R. vol. 7 at 74, because under the Federal Rules of Civil Procedure, "a

3

crossclaim must be asserted in a pleading as defined by Rule 7(a), such as an answer," *id.* at 75 (citing *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3d Cir. 1992) ("Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer.")).

Second, the magistrate judge concluded Mr. McDade's allegations did not present a permissible crossclaim under Federal Rule of Civil Procedure 13(g) because they neither "ar[o]se[] out of the transaction or occurrence that is the subject matter of the original action," nor asserted that the individuals against whom Mr. McDade filed his cross claim were "liable [to Mr. McDade] 'for all or part of a claim asserted in the action against [him].'" R. vol. 7 at 75 (quoting Fed. R. Civ. P. 13(g)). The magistrate judge concluded the substance of Mr. McDade's crossclaim was "entirely unrelated to the substance of Mr. Biers's complaint," *id.*, because Mr. Biers's claims arose from events in January 2019 to April 2022 related to his removal as Chief Tribal Judge, while Mr. McDade's allegations were based on "a series of events occurring between 2018 and 2022," in which the other parties "prevented Mr. McDade from running for a particular council position, improperly created tribal courts, and attempted to keep a cannabis store open," and also that he was assaulted by a person who is not a party to this action. *Id.* at 72–73. The magistrate judge also concluded Mr. McDade had not alleged that any of the counterclaim defendants were liable for any claim asserted against Mr. McDade by Mr. Biers.

Third, the magistrate judge concluded Mr. McDade could not bring claims under 18 U.S.C. §§ 241 and 242, because those federal criminal statutes "do not provide a private right of action[,] . . . even if his crossclaim could be liberally construed as asserting claims under 42 U.S.C. § 1983." *Id.* at 76. *Accord Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (stating criminal statutes including § 241 "do not provide for a private right of action and are thus not enforceable through a civil action"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242."); *see also Blessing v. Firestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983 . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*.").

Fourth, the magistrate judge concluded the motions to dismiss the crossclaim could be summarily granted because Mr. McDade did not timely oppose them.

The magistrate judge also recommended that Mr. McDade's motions requesting a preliminary injunction and an extension of time to amend his crossclaim should be denied. It observed that he would have an opportunity to file a procedurally proper crossclaim if Mr. Biers filed an amended complaint.

The district court adopted the magistrate judge's recommendation, overruling Mr. McDade's objections. It dismissed his crossclaim without prejudice, noting he could pursue his allegations in a separate action or in a properly filed crossclaim if Mr. Biers filed an amended complaint. The court also denied Mr. McDade's subsequent motions to reconsider.

5

Because Mr. Biers never filed an amended complaint as directed, the district court eventually dismissed the entire action with prejudice for failure to prosecute and entered final judgment. Mr. McDade then filed this appeal.[1]

## II.

We first must confirm that we have jurisdiction. Some of the appellees argue that because the order dismissing Mr. McDade's crossclaim was without prejudice and stated Mr. McDade could file an amended crossclaim if Mr. Biers filed an amended complaint, that order was not a final decision over which we have appellate jurisdiction under § 1291.

But Mr. McDade did not appeal from the February 26, 2024, order dismissing his crossclaim but from the July 25, 2024, order and final judgment that dismissed the entire action with prejudice. "[B]ecause a final judgment exists . . . any interlocutory orders and rulings that produced the final judgment merge into the final judgment." *Frey v. Town of Jackson*, 41 F.4th 1223, 1233 n.7 (10th Cir. 2022). Mr. McDade's appeal from the final judgment therefore "permits us to examine all prior orders that helped bring about that final judgment." *Id.*

Moreover, the final judgment left no possibility for Mr. McDade to re-file or amend his crossclaim in this action. He could only do so *if* Mr. Biers had first filed an amended complaint. When Mr. Biers never did so, the district court dismissed the entire action with prejudice. In these circumstances, we are satisfied that we have

---

[1] Mr. Biers also appealed; we dismissed his appeal for lack of prosecution. *See Biers v. Dentons US LLP*, No. 24-4088, 2024 WL 5424431 (10th Cir. Nov. 4. 2024).

appellate jurisdiction over the order that dismissed Mr. McDade's crossclaim. That interlocutory order, in combination with the final judgment, effectively extinguished any cause of action Mr. McDade had, and ended all district court proceedings on the merits. *See Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006) ("[I]f a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable."); *AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009) (stating we may "review an interlocutory order preceding a dismissal for failure to prosecute . . . when it makes sense to do so").

## III.

Because Mr. McDade proceeds pro se, we liberally construe his filings and hold them to a "less stringent standard" than those drafted by lawyers, but we do not act as his advocate and we "cannot take on the responsibility of serving as [his] attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Moreover, "[e]ven in the context of pro se litigants, the first task of an appellant is to explain to us why the district court's decision was wrong." *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1231 (10th Cir. 2022) (brackets and internal quotation marks omitted). In doing so, Federal Rule of Appellate Procedure 28 requires that Mr. McDade "'must' support his 'argument' with 'citations to the authorities and parts of the record on which [he] relies.'" *Meek v. Martin*, 74 F.4th 1223, 1276 (10th Cir. 2023) (quoting Fed. R. App. P. 28(a)(8)(A)).

7

Mr. McDade's briefs do not meet the requirements of Rule 28 or carry his burden as the appellant. He re-asserts some of his factual allegations but does not offer any reason the district court's rulings were in error. He objects to the time it took the district court to act and contends it did not properly resolve claims of sovereign immunity, but he does not explain how either issue would warrant reversal. Moreover, he does not support his points with citations to legal authority or the record. We will not construct arguments for him. *See Garrett*, 425 F.3d at 840.

We will, however, exercise our discretion to address two points of claimed error raised by Mr. McDade, although they are not supported with legal argument or authority. Neither warrants reversal.

First, Mr. McDade objects that the district court never held a hearing before adjudicating his crossclaim and requests for injunctive relief. However, the district court had discretion to rule without holding a hearing. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (holding district court acted "well within its discretion" in dismissing action without a hearing and noting there is no right to an oral hearing under Fed. R. Civ. P. 12(b)(6)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Jackson v. Fair*, 846 F.2d 811, 819 (1st Cir. 1988) (reviewing the denial of an evidentiary hearing on a motion for a preliminary injunction for abuse of discretion).

Given the clarity of the district court's reasons for dismissing Mr. McDade's crossclaim, he has not shown that it abused its discretion by doing so without a hearing, and the dismissal of his claim also made a preliminary injunction hearing

8

unnecessary. *See Steele*, 355 F.3d at 1214; *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175–76 (3d Cir. 1990) ("Obviously, a hearing [on a motion for a preliminary injunction] would not be necessary if the movant is proceeding on a legal theory which cannot be sustained."); 11A Mary Kay Kane and Alexandra D. Lahav, *Federal Practice & Procedure (Wright & Miller)* § 2949 (3d ed. updated 2025) ("When the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless, a court may deny an oral hearing under Federal Rule of Civil Procedure 78(b), which provides that 'the court may provide for submitting and determining motions on briefs, without oral hearings,' and by the fact that Rule 65 does not explicitly require an oral hearing on a preliminary-injunction motion.").

Second, Mr. McDade claims the district and magistrate judges had conflicts of interest and took fraudulent, biased, and/or prejudicial actions. He mentions alleged family connections to other parties, adverse rulings or involvement in other court cases, past professional ties or friendships with the Bureau of Indian Affairs and its attorneys, and alleged improper ex parte communications with the U.S. Marshals Service related to effecting service. The district court rejected arguments raising similar allegations on several occasions, and we see no error in its rulings. To the extent Mr. McDade argues the district and magistrate judges erred by not recusing themselves, "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Woodmore*, 135 F.4th 861, 874 (10th Cir. 2025) (internal quotation

9

marks omitted).  Mr. McDade's contentions do not meet that standard and give us no reason either to doubt the judges' impartiality or to reverse.

Because we reject Mr. McDade's arguments on these two issues and because he has developed no other argument of how the district court's rulings were in error, we affirm for substantially the same reasons given by the district court.  *See GeoMetWatch*, 38 F.4th at 1231.

IV.

We affirm the district court's judgment.

Entered for the Court


Joel M. Carson III
Circuit Judge